IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEVERLY MICHELLE MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-09-985-C |
| | ) |
| WARDEN MILLICENT NEWTON-EMBRY, | ) |
| | ) |
| Respondent. | ) |

# **ORDER**

Ms. Beverly Moore filed a habeas petition, and the Respondent filed a motion to dismiss. Under Federal Rule of Civil Procedure 12(d), the Court converted the motion to dismiss to one for summary judgment. The Petitioner then filed a motion to amend. The Respondent objects, arguing that the habeas petition is untimely and that the proposed amendment would not cure this defect. The Court overrules the objection and grants the motion for leave to amend.

The threshold issue is whether the Petitioner enjoys an automatic right to amend. She does.

Until December 1, 2009, Federal Rule of Civil Procedure 15(a)(1)(A) permitted pretrial amendment of a pleading, "as a matter of course," prior to service of "a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A), *amended* (Dec. 1, 2009). As noted above, the Respondent filed a dispositive motion, which was converted to a motion for summary judgment. But this motion did not constitute a "responsive pleading" under the version of

Rule 15 in effect at the time of filing.[1]  As a result, Ms. Moore enjoyed an automatic right to amend the petition under the version of Rule 15 in effect prior to December 1, 2009.  *See* Fed. R. Civ. P. 15(a)(1)(A); *Brever v. Rockwell International Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994).

Effective December 1, 2009, Rule 15 was amended.  Under the new version, a party may automatically amend a pleading within 21 days of service of a "responsive pleading" or a motion to dismiss filed under Rule 12(b).  Fed. R. Civ. P. 15(a)(1)(B) (eff. Dec. 1, 2009).  The Respondent filed a motion to dismiss on October 30, 2009.  Under the new version of Rule 15, Ms. Moore enjoyed an automatic right to amend for the next 21 days.  That period ended on November 20, 2009.  However, at that time, the amendment to Rule 15 had not yet taken effect.  Thus, the new version of Rule 15 could not govern Ms. Moore's right to amend.

Instead, the governing rule was the one in place until December 1, 2009.  As noted above, that rule provided Ms. Moore with an automatic right to amend the petition.  *See supra* pp. 1-2.

The automatic nature of this right is dispositive.  The Respondent argues that amendment would be futile because the proposed change would not affect the argument for dismissal based on expiration of the statute of limitations.  But futility would be applicable only if the Court enjoyed discretion.  It does not.

---

[1] *See Brever v. Rockwell International Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) ("defendants' motions to dismiss or for summary judgment were not responsive pleadings" for purposes of Fed. R. Civ. P. 15(a) (citations omitted)); *Glenn v. First National Bank in Grand Junction*, 868 F.2d 368, 370 (10th Cir. 1989) ("Ordinarily, a motion to dismiss is not deemed a responsive pleading." (citation omitted)).

The Respondent has apparently assumed a measure of discretion on the issue, as she has invoked Fed. R. Civ. P. 15(a)(2). This rule does not govern, as it applies only if a responsive pleading has already been filed. *See* Fed. R. Civ. P. 15(a)(1)-(2), *amended* (Dec. 1, 2009). And, as discussed above, the Respondent has not filed a responsive pleading to date. *See supra* p. 2.

Accordingly, the Court grants the Petitioner leave to file an amended habeas petition. The deadline for the filing of the amended petition is January 26, 2010. This document shall be self-sufficient and shall take the place of the original petition. When the amended petition is filed, the original petition will be deemed superseded by the new document. As a result, amendment of the petition would automatically moot the pending motion for summary judgment. Within 21 days of filing of the amended habeas petition, the Respondent shall file an answer or motion to dismiss.

So ordered this 11th day of January, 2010.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge