IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

OKLAHOMA CITY, OK
DATE:  February 16, 2011

| | |
|---|---|
| BEVERLY MICHELLE MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-09-985-C |
| ) | |
| WARDEN MILLICENT NEWTON-EMBRY, ) | |
| ) | |
| Respondent. ) | |

**ENTER ORDER:**

Judge Bacharach conducted a conference on February 15, 2011, at 2:00 p.m. (recorded). Christine Cave appeared for the Petitioner, and Donald Self and Jared Looper participated by telephone for the Respondent.

The Respondent orally requested conversion of the summary judgment briefs to a limited answer on the issue of timeliness. The Petitioner stated that she did not object. The Court granted the Respondent's request. Therefore, the motion to dismiss (later converted to a summary judgment motion), the Petitioner's response, and the Respondent's subsequent reply will be considered as an answer on the issue of timeliness. If the Court concludes that the habeas claim is timely, the Respondent will be permitted to file a subsequent answer on the merits.

The Petitioner stated that she is considering possible supplementation of the materials she submitted, along with possible amendment of her summary judgment brief. The Court stated that it will give the Petitioner until March 30, 2011, in which to: (1) add any documentary evidence that she wishes to submit in connection with her reply to the Respondent's limited answer on the issue of timeliness; or (2) amend her brief on the issue of timeliness. If the Petitioner simply adds exhibits, she need not refile the exhibits previously filed. If she wishes to amend her brief, she should file a new brief (superseding the previous one), with all of the exhibits that she wants the Court to consider on the issue of timeliness.

The Petitioner also stated that she may seek an evidentiary hearing. If she does, she should file a motion for an evidentiary hearing by March 30, 2011. (She can include the request for an evidentiary hearing with any amended brief that she files by this date.) If the Petitioner does seek an evidentiary hearing, she should consider - and consult with Respondent's counsel about - the possibility of conducting the evidentiary hearing on written submissions under 28 U.S.C. §§ 2246 and 2247. In the request for an evidentiary hearing, the Petitioner should address only her entitlement to an evidentiary hearing on the issue of timeliness. (The Petitioner need not address possible entitlement to an evidentiary hearing on the merits.)

The Petitioner has also presented materials that have expanded the documentary evidence in the pre-existing habeas record under Rule 5, Rules Governing Section 2254 Cases in the United States District Courts. *See* Rule 5(b)-(c), Rules Governing Section 2254 Cases in the United States District Courts. As a result, by March 30, 2011, the Petitioner and Respondent's counsel shall consult to determine whether the Respondent objects to the Court's consideration of the additional materials submitted by the Petitioner on the issue of timeliness. In the Petitioner's submission due March 30, 2011, the Petitioner shall state in writing whether the Respondent objects to the Court's consideration of the documents that the Petitioner has added to the habeas record. If the Respondent does object, the Petitioner shall file a motion for expansion of the record by March 30, 2011, under Rule 7, Rules Governing Section 2254 Cases in the United States District Court. (This motion may be combined with the other submission(s) due March 30, 2011.) In this motion, the Petitioner shall present her argument and legal authority for her position that the Court can consider the additional materials presented by the Petitioner on the issue of timeliness.

By June 15, 2011, the Respondent shall reply to the foregoing submissions, including the Petitioner's supplemental/amended reply on the issue of timeliness, the motion for expansion of the record, and the possible motion for an evidentiary hearing. (The Respondent may combine these items into a single brief or may file separate briefs.)

In light of the conversion of the Respondent's dispositive motion to a limited answer, the dispositive motion is terminated.

ABOVE ORDER ENTERED BY DIRECTION OF JUDGE ROBERT E. BACHARACH.

                              ROBERT D. DENNIS, CLERK

                              s/Lesa Boles
                              Deputy Clerk