IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEVERLY MICHELLE MOORE, )<br>  )<br>   Petitioner, )<br>  )<br> v. )<br>  )<br> WARDEN MILLICENT NEWTON-<br> EMBRY, )<br>  )<br>   Respondent. ) | Case No. CIV-09-985-C |

**PETITIONER'S MOTION FOR NINE-DAY EXTENSION OF TIME (OPPOSED)**

Petitioner, by and through her counsel, respectfully requests that the Court extend her deadline by nine days (until April 8, 2011) to file a Reply to Petitioner's limited answer on the matter of timeliness, and any respective motions to expand the record and/or for evidentiary hearing. In support of her motion, Petitioners states the following:

1. On February 15, 2011, the Court set a date of March 30, 2011, in which to submit any additional documentation relative to the issue of timeliness and modify her brief on the same issue. The deadline to file any contested motion to expand the record and/or request an evidentiary hearing was also set for March 30, 2011.

2. Petitioner had submitted for review by a forensic neuropathologist the histological slides previously obtained from the medical examiner's office. The forensic neuropathologist agreed to review Ms. Moore's case pro bono.

3. On Saturday, February 26, 2011, the forensic neuropathologist notified Petitioner's counsel that additional slides would be required to do a more thorough analysis. Upon the beginning of the work week, Petitioner's counsel contacted the medical examiner's office to inquire about obtaining the additional slides. After over a week of ongoing discussions, the request

was approved and the slides were made available on March 7, 2011. The slides were picked up that day and delivered directly to Fed Ex for priority shipping.

4. On March 7, 2011, the slides were shipped via Fed Ex International Priority Shipping to the forensic neuropathologist (who lives and works in the United Kingdom), and a delivery date of March 9, 2011, was provided. A copy of the original international air waybill is attached as Exhibit 1.

5. On or the day after the anticipated delivery date, Petitioner's counsel was notified of a hold having been placed on the biological samples by customs. Although counsel for Petitioner was diligent in working with Fed Ex and customs to resolve the dispute – at times conferring with representatives up to three to four times a day – the samples were not released by customs until Thursday, March 17, 2011.

6. Despite the release on the samples by customs, Fed Ex did not release the package for delivery until Monday, March 21 – after repeated calls to management in both the United State and the United Kingdom on a daily basis. Indeed, the slides were ultimately released to private courier for delivery. A copy of the tracking information is attached as Exhibit 2. As of this writing, the package was just delivered at 3:00 p.m. on March 12, 2011, twelve days after the promised delivery date.

7. Upon receipt, the 50 slides (10 sets of 5) sent must be stained by lab technicians and analyzed by the forensic neuropathologist and a report made. Because of previous travel plans of the neuropathologist, a review before the March 30 deadline will not be possible.

8. A forensic neuropathologist review is critical in this case because of the presence of (1) extreme cerebral edema, (2) focal leukostatis – a highly abnormal finding identified by the

medical examiner but not otherwise explored, and (3) hemosiderin[1] in the injuries attributed to Petitioner at trial. A neuropathologist is a specialist who studies and diagnoses, among other things, issues of the brain – the only part of the body that suffered fatal injuries attributed to Ms. Moore in her criminal trial. The important role that a consulting neuropahologist could provide is described in the book, <u>Forensic Neuropathology</u>, by Jan Leestma, M.D. (attached as Exhibit 3), which notes that many of the complex issues addressed by the neuropathologist "are normally beyond the capability of even the most skilled forensic general pathologist". Indeed, the neuropathologist's review in this case was sought at the recommendation of Petitioner's forensic pathologist due to the presence of the findings identified above. Because of the potential key role the opinion of the neuropathologist would provide in establishing the cause of A.S.'s death and, correspondingly, demonstrating Petitioner's actual innocence, Petitioner would be prejudiced if required to proceed without the opinion.

9. Absent the delay in customs and with the delivery of these slides, Petitioner would have no trouble meeting the March 30, 2011, deadline. Petitioner has been diligently seeking the necessary medical reviews. The remainder of the material and briefing due to be filed on March 30 is either prepared or in the final stages of preparation.

10. The Court's has previously expressed its desire to have all of the evidence related to timeliness submitted together (especially given that it is 7-800 pages). Submission of all other materials followed by a motion to supplement once the forensic neuropathologist's review, therefore, would not be consistent with that desire. This bifurcated approach would be especially undesirable when the materials could be submitted altogether just days after the

---

[1] The presence of hemosiderin is an important indicator as to the *date* of the injuries.

Court's current deadline.

11. Although the highly unusual reasons prompting the request for this brief extension of time were provided to Respondent, Respondent has stated that she objects.

12. If granted, the extension of time would not impact any other deadlines, as the Court has already afforded Respondent until June 15, 2011, in which to respond to the filings. Moreover, Respondent has already been provided with the vast majority of the evidence sought to be admitted and therefore has had the opportunity to begin reviewing that evidence and Petitioner's argument, since Petitioner submitted her brief and evidence on January 31, 2011. Respondent therefore would suffer no prejudice from the extension.

### Relief Requested

Petitioner submits that she has established good cause as required by Fed. R. Civ. P. 6(b) for her request to extend her deadline to file her Reply and attendant motions as set out in the Court's Enter Order dated February 16, 2011 (Dkt. No. 93). Accordingly, she respectfully requests that the Court grant her request and extend the deadline to file the materials set out in the Enter Order to April 8, 2011.

Respectfully Submitted,

s/Christine Cave
Christine Cave, OBA #19774
Employers Legal Resource Center
301 NW 63rd Street, Suite 390
Oklahoma City, Oklahoma 73116
Phone:      405-702-9797
Fax:         405-576-3956
Email:       ccave@okemployerlaw.com
             mainoffice@okemployerlaw.com
ATTORNEY FOR BEVERLY MICHELLE MOORE

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 21st day of March, 2011, I electronically transmitted the attached document to the Court Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jared Looper
Don Self
Diane Slayton
COUNSEL FOR DEFENDANT

                                                                             s/Christine Cave
                                                                              Christine Cave