IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEVERLY MICHELLE MOORE ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-09-985-C |
| ) | |
| WARDEN MILLICENT NEWTON-EMBRY, ) | |
| ) | |
| Respondent. ) | |

**PETITIONER'S NOTICE TO THE COURT
IN RESPONSE TO JULY 20, 2011, COURT ORDER**

Petitioner hereby provides the following notice to the Court in response to its July 20, 2011, Court Order.

<u>New Evidence Submitted in Connection with Petitioner's Reply Briefs</u>

On July 20, 2011, the Court entered an order requesting that Petitioner state for the record whether she wishes to expand the record to include the Supplemental Declaration of Dr. Janice Ophoven, which Petitioner submitted in connection with her Reply on the Merits, Dkt. No. 122. The Court also requested that Petitioner state whether she wishes to stand on her prior motion/brief for argument on this issue.

Petitioner does wish for the Court to include Dr. Ophoven's supplemental declaration, as well as all other evidence submitted in connection with her reply briefs, Dkt Nos. 121 and 122.[1] The bases for the Court's consideration of these materials are set forth in Petitioner's

---

[1] Petitioner also submitted supplemental declarations of Janus and Ed Roth in connection with her reply brief in support of her motion to expand the record and hold an evidentiary hearing (Dkt. No. 121), and, in support of her reply on the merits, excerpts from the autopsy and trial testimony not previously submitted. While expanding the record is not necessary for the trial

motion and reply on the motion to expand the record, and Petitioner intends to stand on that argument. Moreover, equity counsels that these most recently submitted materials are admissible to counter claims asserted by Respondent in her Reply Brief that (a) Petitioner's evidence of innocence is inadmissible under Price v. Friel, 245 Fed. Appx. 855, 856-57 (10th Cir. 2007) (unpublished) and United States v. Starr, 275 Fed. Appx. 788, 7890 (10th Cir. 2008) (unpublished); and (b) Petitioner's evidence does not meet the actual innocence standard because the presence of hemosiderin could be explained by the medical examiner's microscopic inspection of the brain and tissue slides a week or longer after the autopsy. For this and the reasons previously argued, the Court should expand the record to include these items.

## Initially Submitted Items

The Court has questioned whether certain materials submitted in Petitioner's appendices and incorporated in the motion to expand the record are really "new" materials for which expansion is required. Certainly the trial transcript (Exs. 42-45), preliminary hearing transcript (Ex. 32) and Criminal Information (Ex. 9) are part of the original court

---

transcript, it is necessary for the additional reports from the Office of the Chief Medical Examiner. As noted in footnote 2 to her motion to expand the record (Dkt. No. 107), only selected portions of the medical and other records were submitted in the appendix in part of an attempt to limit the volume of materials for the Court to wade through but additional portions of those records may be necessary when, as in this case, they are necessary to refute challenges made by Respondent.

record and therefore expansion of the record is not necessary.[2] (See Notice of Conv. Filing of State Court Rec., Dkt. No. 101 (identifying the Preliminary Hearing Trancript, Jury Trial Transcripts, and Original Record).) However, the autopsy report (Ex. 5), EMSA report (Ex. 14), IBMC medical records (Ex. 20), and the Snyder videotaped interview and transcript (Exs. 36 & 37) are not officially part of the original court record (as they were not *presented* at trial), but bear on the issue of innocence, so the record should be expanded to include those items.

### 911 Call - Ex. 1

With respect to the transcript of the 911 call, Petitioner has no objection to the Court's *sua sponte* expansion of the record with the transcript to aid in following the actual recording. Petitioner notes that the rationale supporting admission of this transcript also supports the admission of the transcript and errata Sheet (Ex. Nos. 29 & 6(B)) of Ms. Moore's interrogation, which was played in a redacted form as a trial exhibit and included in the Court record in its unedited form as a court exhibit.

Respectfully Submitted,

s/Christine Cave
Christine Cave, OBA #19774

---

[2] Such materials were submitted with Petitioner's appendix for the Court's ease in referencing materials cited in Petitioner's motion on the merits of her actual innocence claim. Counsel for Petitioner apologizes for not making this distinction between "new" and other material in her original motion to expand the record.

                    Employers Legal Resource Center
                    301 NW 63rd Street, Suite 390
                    Oklahoma City, Oklahoma 73116

| | |
|---|---|
| Phone: | 405-702-9797 |
| Fax: | 405-576-3956 |
| Email: | ccave@okemployerlaw.com |
| | mainoffice@okemployerlaw.com |

ATTORNEY FOR BEVERLY MICHELLE MOORE

### CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2011, I electronically transmitted the attached document to the Court Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jared Looper
Donald Self
Diane Slayton
COUNSEL FOR DEFENDANT

                    s/Christine Cave
                    Christine Cave