IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BEVERLY M. MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-09-985-C |
| | ) | |
| MILLICENT NEWTON EMBRY, Warden, | ) ) | |
| | ) | |
| Respondent. | ) | |

O R D E R

Petitioner was convicted of first degree murder for the homicide of her boyfriend's son. After trial, a jury determined that she had shaken the child to death January 13, 2004. After pursuing various state court remedies without success, Petitioner filed the current Petition for Writ of Habeas Corpus on September 4, 2009. In support of her Petition, Petitioner argued her conviction was a fundamental miscarriage of justice as she was actually innocent. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), the Court referred the case to Magistrate Judge Robert E. Bacharach for preliminary review and preparation and submission of proposed findings of fact and conclusions of law. Judge Bacharach issued those proposed findings on September 7, 2011. Petitioner and Respondent have both filed objections to the proposed findings.

The first step in determining if Petitioner is entitled to relief is to determine if her claims are time-barred. Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner must present her habeas case within one year of the time her conviction became final. Thus, absent some exception to the limitations period, Petitioner's case is subject to dismissal as untimely.

Recognizing this barrier, Petitioner argues the time bar should be set aside as she is actually innocent of the charges. Judge Bacharach's proposed findings recommend the Court find Petitioner has demonstrated grounds to excuse operation of the time bar and allow her case to proceed. The Court now considers the parties' objections.

Petitioner argues that the Magistrate Judge's determination that a reasonable jury could still find that the child died of shaken baby syndrome cannot be supported. According to Petitioner, the overwhelming evidence now before the Court demonstrates that finding cannot be supported by the evidence, and that she is actually innocent. Respondent objects to the proposed findings, arguing that the Magistrate Judge ignored controlling or persuasive law and failed to properly apply Tenth Circuit precedent in reaching his proposed findings and conclusions.

Petitioner's objection is premature. Judge Bacharach did not propose, nor would it be proper to make, a determination of actual innocence. Rather, under the relevant standards, Judge Bacharach determined that Petitioner had made a sufficient showing of the probability of actual innocence sufficient to permit her case to overcome the limitations bar. Thus, Petitioner's objection to the proposed findings and recommendations will be overruled.

Respondent's argument fares no better. The majority of Respondent's objection to the proposed findings hinges on the determination as to whether Petitioner's evidence was newly discovered or just newly presented. Relying on two unpublished Tenth Circuit cases, and in particular United States v. Starr, 275 F.App'x 788 (10th Cir. 2008), Respondent argues that the evidence presented to the Magistrate Judge cannot be properly classified as

newly discovered evidence because it was in existence at the time of the trial. Rather, Respondent argues, the evidence should be construed solely as newly presented and, according to Respondent, evidence that is merely newly presented is insufficient to warrant tolling of the time bar. Thus, Respondent argues, because Petitioner's claim is clearly time barred, it must be dismissed.

Respondent's argument is unpersuasive. While the Tenth Circuit in Starr did suggest that evidence which was merely newly presented would be insufficient to create an equitable tolling issue, Respondent fails to consider the Tenth Circuit's holding in Lopez v. Trani, 628 F.3d 1228 (10th Cir. 2010), cert. denied, ___ U.S. ___, 2011 WL 4536097 (Oct. 3, 2011). In that case, the Tenth Circuit recognized that "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the Petitioner demonstrated cause for the failure to bring these claims forward earlier." Id. at 1230-31. While the Court was addressing the question of whether the claims had been diligently pursued, its analysis and reasoning is particularly applicable in this case. The Circuit determined that due diligence was not a necessary showing in an actual innocence claim because the innocence argument is premised on a fundamental miscarriage of justice exception which should be given a broader scope than the typical equitable tolling case. While a finding of actual innocence is rare and can only be applied in extraordinary cases, the Circuit was clear that where the finding of actual innocence is made, it should be given an extensive effect on addressing procedural bars to the bringing of a claim.

Accordingly, the Court finds that under application of <u>Lopez</u> the evidence presented by Petitioner demonstrating her actual innocence is sufficient to overcome the time bar which would otherwise bar her claim. Therefore, the Court will adopt in full the proposed findings fact and conclusions of law issued by the Magistrate Judge. To the extent Respondent argues that Judge Bacharach misconstrued the evidence or failed to properly evaluate it in light of an actual innocence claim or the standards governing such a claim, the Court finds Respondent's arguments unpersuasive. The Magistrate Judge's proposed findings and recommendations are thoroughly reasoned and well set forth and follow the applicable law.

Accordingly, the Court adopts, in full, the Proposed Findings of Fact and Conclusions of Law of the Magistrate Judge (Dkt. No. 135) and recommits this matter to Magistrate Judge Bacharach for further proceedings consistent with the original Order of Referral. The Objections of Petitioner (Dkt. No. 137) and Respondent (Dkt. No. 136) are overruled.

IT IS SO ORDERED this 28th day of October, 2011.

*[Signature]*
ROBIN J. CAUTHRON
United States District Judge