IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEVERLY MICHELLE MOORE, | ) |
| Petitioner, | ) ) ) |
| v. | )   Case No. CIV-09-985-C ) |
| WARDEN MILLICENT NEWTON-EMBRY, | ) ) ) |
| Respondent. | ) ) |

## **Report and Recommendation: Exhaustion Issue**

Ms. Beverly Moore was convicted of murder and alleges ineffective assistance of counsel. In a limited answer, the Respondent urges a failure to exhaust state court remedies. The Court should overrule the Respondent's exhaustion argument.

### The Exhaustion Requirement

Ordinarily, exhaustion requires presentation of the habeas claim to the highest state court with jurisdiction.[1] As the Respondent concedes, however, exhaustion is unnecessary if continued resort to state court would be futile.[2] Because a return to state court would be futile for Ms. Moore, she is not required to exhaust state court remedies.

---

[1] *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534-35 (10th Cir. 1994) (stating that "[t]he exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court" (citation omitted)).

[2] *See Bear v. Boone*, 173 F.3d 782, 784 (10th Cir. 1999); *see also* Limited Answer on the Issue of Exhaustion at p. 4 (Jan. 20, 2012).

## The State Court Appeals

The Oklahoma Court of Criminal Appeals considered Ms. Moore's conviction on two occasions.

The first time was on direct appeal. There Ms. Moore challenged her sentence solely on grounds involving an instructional error and ineffective assistance for failure to request an instruction regarding the limits on parole eligibility.[3]

The second time was on Ms. Moore's appeal from the denial of post-conviction relief. There the Oklahoma Court of Criminal Appeals dismissed the appeal because of Ms. Moore's failure to attach a copy of the state district court's ruling to the petition in error.[4]

## The Petitioner's Arguments

Ms. Moore argues that exhaustion should be excused in the interest of justice and that she had fairly presented the habeas claim in state court. If either argument were valid, the Court would be obliged to overrule the Respondent's exhaustion argument. In this case, however, the Court can assume *arguendo* that exhaustion should not be excused in the interest of justice and that Ms. Moore had not fairly presented her ineffective assistance claim in state court. With these assumptions, the federal district court would need to decide

---

[3]   Appellant's Brief at pp. 13-19, *Moore v. State*, Case No. F-2006-63 (Okla. Crim. App. Sept. 11, 2006).

[4]   Order Declining Appellate Jurisdiction and Dismissing Petition in Error, *passim*, *Moore v. State*, Case No. HC-2009-33 (Okla. Crim. App. Mar. 9, 2009); *see* Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals.

whether any remedies would have remained in state court. That question should be answered in the negative.

### The Respondent's Arguments

The Respondent argues that Ms. Moore has an available remedy through post-conviction proceedings in state court and that she is attempting to circumvent the exhaustion requirement. Both arguments are invalid as a matter of law.

### Potential for a Second Post-Conviction Application

The Respondent argues that Ms. Moore could pursue a second post-conviction application. The undersigned disagrees.

Oklahoma law provides in Okla. Stat. tit. 22 § 1086:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.[5]

In the post-conviction application, Ms. Moore claimed ineffective assistance by failure to present a medical expert to testify that the child had not died from shaking.[6] For this claim, Ms. Moore was not able to obtain an adjudication in the state's highest court only

---

[5]   Okla. Stat. tit. 22 § 1086 (2011) (footnote omitted).

[6]   Application for Post-Conviction Relief at p. 2, *Moore v. State*, Case No. PC-2008-844 (Okla. Co. Dist. Ct. Sept. 26, 2008).

because she had not attached the district court's ruling to her petition in error.[7] If Ms. Moore had properly appealed, she could have avoided the restriction on second or successive post-conviction proceedings in Okla. Stat. tit. 22 § 1086. Because she did not do so, however, a second round of post-conviction proceedings would appear futile.

According to the Respondent, the Oklahoma courts could entertain a future post-conviction application based on an exception for "actual innocence."[8] For this argument, the Respondent points to the Court's earlier conclusion that no reasonable jury would have convicted Ms. Moore if it had been privy to the aggregate of old and new evidence.[9]

The argument is invalid because Ms. Moore's demonstration of actual innocence would not allow her to avoid the procedural bar in state court. In Oklahoma, the law expressly allows consideration of a second post-conviction application in capital cases when the facts to be proven would reflect clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty in the absence of the alleged error.[10] No comparable provision exists in the statutes governing post-conviction proceedings in non-capital cases.[11]

---

[7]   *See supra* p. 2.

[8]   Limited Answer on the Issue of Exhaustion at pp. 4-8, 12-13 (Jan. 20, 2012).

[9]   Proposed Findings of Fact and Conclusions of Law: Timeliness of the Petition, *passim* (Sept. 7, 2011), *adopted*, Order (Oct. 28, 2011).

[10]  Okla. Stat. tit. 22 § 1089(D)(8)(b)(2) (2011).

[11]  Oklahoma courts have distinguished between the procedural requirements for post-conviction proceedings in capital and non-capital cases. *See*, *e.g.*, *Moore v. Gibson*, 27 P.3d 483, 484 n.1 (Okla. Crim. App. 2001) (time limitations). For example, the Oklahoma Court of Criminal

The Respondent relies on *Slaughter v. State*, 108 P.3d 1052, 1054 (Okla. Crim. App. 2005). But that decision involved a death sentence, which triggered the Oklahoma law authorizing second and subsequent post-conviction proceedings based on a showing of actual innocence.[12] The Oklahoma Court of Criminal Appeals has never suggested a similar exception in non-capital cases.

Alleged "Circumvention" of the Exhaustion Requirement

The Respondent argues:

> It seems highly unlikely that the Supreme Court would contemplate that the exhaustion requirement, reenforced by the Court in [*Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770 (2011)] and [*Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011)], could be circumvented by a federal habeas petitioner simply skipping available remedies in state court and proceeding directly to federal habeas court. There would be no record that was before the state court on the merits of the claim but only because the Petitioner failed to present her claims to the state court; a veritable "Catch-22" at best.[13]

---

Appeals has adopted two separate forms for post-conviction applications, depending on whether a death sentence had been imposed. Forms 13.11, 13.11a, Rules of the Oklahoma Court of Criminal Appeals. The form for non-capital cases includes the following mandatory language:

> I realize that I cannot later raise or assert any reason or ground known to me at this time or which could have been discovered by me by the exercise of reasonable diligence. I further realize that I am not entitled to file a second or subsequent application for post-conviction relief based upon facts within my knowledge or which I could discover with reasonable diligence at this time.

Rule 13.11, Part D, Rules of the Oklahoma Court of Criminal Appeals. The form for capital cases does not contain similar language. *See* Form 13.11a, Rules of the Oklahoma Court of Criminal Appeals.

[12]  *Slaughter v. State*, 108 P.3d 1052, 1054 (Okla. Crim. App. 2005).

[13]  Limited Answer on the Issue of Exhaustion at p. 9 (Jan. 20, 2012).

The Respondent's argument is immaterial, as the exhaustion requirement is not affected by the Supreme Court's alleged perception of an anomaly in the statutes.

As stated above, futility is a recognized exception to the exhaustion requirement.[14] Indeed, elsewhere in her brief, the Respondent acknowledges that "exhaustion of state remedies is not required where it would be futile to require exhaustion."[15] The Court cannot disregard the futility of further post-conviction proceedings based on the perceived anomaly of a procedural windfall for Ms. Moore.

The perceived anomaly implicates the doctrine of procedural default, rather than exhaustion.[16] Although the Respondent has reserved her right to urge procedural default,[17] she has not raised the issue at this stage.[18] Thus, the Court has no legal basis to avoid

---

[14]   *See supra* p. 1.

[15]   Limited Answer on the Issue of Exhaustion at p. 4 (Jan. 20, 2012) (quoting *Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999)).

[16]   In a dissenting opinion, Justice Stevens wrote:

> The purpose of [the doctrine of procedural default] is to ensure that state prisoners not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims before doing so.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 853 (1999) (Stevens, J., dissenting).  Every member of the Court agreed with this discussion.  *See id*. at 848 (statement by the six-member majority that it did not disagree with Justice Stevens' description of the interplay between exhaustion and procedural default); *id*. at 850 (noting that two other justices had joined Justice Stevens' dissent).

[17]   Limited Answer on the Issue of Exhaustion at p. 1 n.1 (Jan. 20, 2012).

[18]   The Petitioner argues that the anticipatory procedural default should be excused in light of her actual innocence.  Petitioner's Reply on Issue of Exhaustion at pp. 12-13 (Jan. 30, 2012).  However, the Respondent has not raised an issue of procedural default.

consideration of the merits based on Ms. Moore's responsibility for her misstep in the post-conviction appeal. If the procedural windfall for Ms. Moore is unfair, as the Respondent believes, the issue would involve consideration of a procedural default rather than a failure to exhaust state court remedies.

## Summary

The Respondent's focus on the importance of exhaustion is misguided. She admits that exhaustion is not necessary when further proceedings in state court would be futile,[19] and they clearly would be here. The Respondent believes it would be unfair to allow Ms. Moore to proceed in federal court without properly presenting her claim in state court. But there is no cognizable basis to disregard the exhaustion requirement based on the perception of fairness. The procedural default doctrine is designed to prevent circumvention of state court remedies, and Ms. Newton-Embry has not raised an issue of procedural bar. The Respondent's sole argument, exhaustion, is invalid because further resort in state court would be futile. As a result, the Court should overrule the Respondent's limited answer.

## Notice of the Right to Object

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.[20] The deadline for objections is February 27, 2012.[21]

---

[19]   *See supra* p. 6.

[20]   *See* 28 U.S.C. § 636(b)(1) (2010 supp.).

[21]   *See* Fed. R. Civ. P. 6(d), 72(b)(2).

The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[22]

Status of the Referral

The referral is not discharged.

Entered this 10th day of February, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[22]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).