IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BEVERLY MICHELLE MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-09-985-C |
| | ) | |
| WARDEN MILLICENT NEWTON-EMBRY, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

In 2005, Petitioner was found guilty of murder and sentenced to life without the possibility of parole. Thereafter, the Oklahoma Court of Criminal Appeals ("OCCA") modified her sentence to add the possibility of parole after Petitioner filed a direct appeal of her sentence claiming ineffective assistance of counsel. Petitioner filed a post-conviction proceeding where she again claimed ineffective assistance counsel due to her attorney's failure to present a medical expert, which was ultimately dismissed by the OCCA for failure to attach a copy of the district court's ruling. Presently, Petitioner seeks relief in federal court. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), this action was referred to United States Magistrate Judge Robert E. Bacharach. Judge Bacharach entered a Report and Recommendation ("R&R") on February 10, 2012, to which Respondent timely objected and this Court will review de novo.

The substantive facts and law are accurately set out in the Magistrate Judge's R&R and there is no purpose to be served in repeating them yet again. Judge Bacharach concluded that exhaustion would be futile here in light of the prohibition of filing second and subsequent post-conviction proceedings in non-capital cases, and, therefore, found that failure to exhaust state court remedies prior to filing the present action would not be fatal to Petitioner's claim.

Respondent raises as a point of contention with the R&R Judge Bacharach's silence on the Petitioner's "cause and prejudice." (Resp. Br., Dkt. No. 165, at 5.) But, as Judge Bacharach aptly points out in his R&R, procedural default was not raised in the Respondent's Limited Answer. (R&R, Dkt. No. 162, at 6 ("The perceived anomaly implicates the doctrine of procedural default, rather than exhaustion. Although the Respondent has reserved her right to urge procedural default, she has not raised the issue at this stage." (footnotes omitted)).)

In response to the Respondent's objection, the Petitioner argues that she has in fact exhausted her claim and, if the Court should disagree, that the Petitioner should be excused from exhausting her claims in the interests of justice.

Setting aside, for now, the correctness of Judge Bacharach's findings, the Court instead focuses on the substantial newfound evidence developed in federal court regarding the Petitioner's actual innocence, the state attorneys' persistence that this matter be presented in state court before continuing with federal habeas proceedings, and the importance of comity and federalism. Considering these factors, the Court concludes that the state courts should be given an opportunity to address this matter in the first instance. See Granberry v.

<u>Greer</u>, 481 U.S. 129, 134-35 (1987) ("If . . . the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis.").

Accordingly, the Court declines, at this time, to adopt the Report and Recommendation of the Magistrate Judge, and instead stays the case pending exhaustion of state remedies. The Motion to Stay (Dkt No. 166) is MOOT. Within 30 days, Petitioner will file proof that exhaustion of her state remedies has been initiated, whereupon the Clerk will administratively close the case pending the final resolution of the state court proceedings.

IT IS SO ORDERED this 6th day of April, 2012.

ROBIN J. CAUTHRON
United States District Judge