# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEVERLY MICHELLE MOORE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. CIV-09-985-G ) ) |
| DEBBIE ALDRIDGE, WARDEN, | ) ) |
| Respondent. | ) ) |

## SECOND AMENDED PETITION FOR A
## WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254

Petitioner, Beverly Michelle Moore, by and through her attorney, Christine Cave, files her Second Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254.

1. Petitioner, Beverly Michelle Moore, is currently serving a sentence of life with the possibility of parole at Mabel Bassett Correctional Center, at 29501 Kickapoo Rd., McLoud, OK 74851.

2. Petitioner's Department of Corrections Number is 518614.

### A. Judgment of Conviction Being Challenged

3. Petitioner was convicted in Oklahoma County District Court, case number CF-2004-351.

4. Petitioner entered a plea of not guilty.

5. Petitioner testified at the jury trial.

6. Petitioner was convicted of Count 1 of Murder in the First Degree, 21 O.S. §701.7.

7. Petitioner was not convicted on more than one count nor was she convicted of more than one crime.

8. Petitioner was sentenced on September 23, 2005, and the Judgment and Sentence was rendered on October 11, 2005.

9. Petitioner was sentenced to a term of life without the possibility of parole.

## B. Direct Appeal

10. After Petitioner's trial counsel initially failed to file a timely notice of appeal and was granted permission to file out of time, Petitioner, by and through counsel, filed her Notice of Intent to Appeal on November 23, 2005. Petitioner filed her direct appeal in January 2006.

11. Petitioner filed her direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), case number F-2006-63, to challenge the sentence on grounds that involved jury instructional error and ineffective assistance of trial counsel. On June 11, 2007, the OCCA affirmed judgment against Petitioner but held that the jury instruction error required modifying Petitioner's sentence to life *with* the possibility of parole for failure to instruct the jury on the 85% Rule. Petitioner did not seek further review by a higher state court. Nor did she file a writ of certiorari with the United States Supreme Court.

## C. Other Applications or Petitions Filed

12. Petitioner has previously filed other petitions, applications, or motions concerning this judgment of conviction as set forth below.

13. Petitioner's previous applications for post-conviction relief include:

    a) **First Application for Post-Conviction Relief:**

On September 26, 2008, Petitioner filed her first *Application for Post-Conviction Relief,* with the Oklahoma County District Court, case number HC-2009-33, seeking a new trial due to the ineffective assistance of counsel by failing to have a medical expert testify to medical evidence. On October 23, 2008, the Court denied Petitioner's application for post-conviction relief because 22 O.S. §1086 procedurally bars petitioner from seeking post-conviction relief on issues not raised on direct appeal. (See Resp't's Br., ECF. No. 11, Ex. 6, at 2.)

b) **Petition in Error (appeal):**

On January 16, 2009, Petitioner filed a *Petition in Error,* to appeal the denial of post-conviction relief in the OCCA*,* case number HC-2009-33, alleging ineffective assistance of counsel based on the following grounds:

  i. Counsel failed to communicate with co-counsel as to the existence of
     two favorable exculpatory witnesses that she explicitly requested to be put on the stand in her defense.

  ii. Co-counsel was never made aware of the fact that there was over $40,000 in a trust account for expert witness and investigators, which he complained to her about after her trial.

  iii. Because of counsel's flawed defense, he excluded valuable foundational evidence.

  iv. Counsel failed to elicit evidence from character witnesses who would have been vital defense witnesses, because it did not fit with his flawed defense.

  v. Counsel did not try to exclude the coerced confession, which was the sole evidence for prosecution.

     vi.    Counsel did not give an alternative theory for Petitioner's defense that further compounded his flawed defense and his lack of strategy in clearing Petitioner of the charge of Murder in the First Degree.

     vii.    Petitioner had insufficient counsel which resulted in sufficient prejudice to warrant a retrial.

     viii.    The crib sheet that was admitted as evidence was not disputed by counsel even though the father's testimony told the court that the stain was not current.

     ix.    The daycare provider was brought in as a character witness, which limited her testimony. Had she been brought in as a exculpatory witness, her testimony would have been beneficial to the outcome of the trial. Her testimony was vital to the defense.

     x.    Counsel did not even counter any of the prosecution's assertions.

     xi.    Counsel forced Petitioner on the stand without adequate preparation and told her that she would definitely be convicted if she upheld her adamant reluctance to testify. Counsel did not prepare her adequately before she took the stand.

     xii.    It would behoove counsel for Petitioner to be found guilty so that his financial misconduct would not be brought to light.

     xiii.    Counsel's failure to focus attention on the actual perpetrator, the victim's father, resulted in insufficient harm for reversible error per *Strickland v. Washington.*

On March 9, 2009, the OCCA, in case number HC-2009-33, dismissed the appeal because Petitioner failed to attach a copy of the state district court's ruling to the petition in error. (Resp't's Br., ECF. No. 11, Ex. 8.)

**c) <u>Petition for Writ of Habeas Corpus:</u>**

On September 4, 2009, Petitioner sought relief with this Court and filed a Petition for Writ of Habeas Corpus, which was amended once on December 9, 2010. Respondent filed an answer on the issue of timeliness and the Court found that Petitioner's claim could overcome the AEDPA time bar because Petitioner was factually innocent. (ECF No. 135 at 2.)

On April 6, 2012, this Court entered an order to stay the habeas proceedings and remanded this case to state court for petitioner to exhaust her claims recognizing: (1) the substantial new evidence on petitioner's innocence developed in the federal proceedings; (2) the State's insistence that the state court be presented with the first opportunity to review the merits of petitioner's claim; and (3) the importance of comity and federalism. (ECF No. 182.)

**d)  <u>Second Application for Post-Conviction Relief:</u>**

On June 5, 2012, Petitioner filed a Second Application for Post-Conviction Relief in the Oklahoma County District Court in case number CF-2004-351 under the following six propositions:

> i. <u>Proposition1:</u> Ineffective Assistance of Trial Counsel for a) failure to fully investigate the cause of death and the timing of the injuries attributed to Petitioner, including the failure to timely consult with and retain expert witnesses, and b) failure to present testimony from the expert witnesses as to the cause and timing of the fatal injuries.
>
> ii. <u>Proposition 2:</u> Ineffective Assistance of Trial Counsel due to trial counsel suffering from conflicts of interest.

  iii. <u>Proposition 3</u>: The State of Oklahoma deprived Petitioner of her right to due process when it failed to disclose exculpatory evidence.

  iv. <u>Proposition 4</u>: Ineffective Assistance of Appellate Counsel due to failure to raise the claim of ineffective assistance of trial counsel arising out of failure to investigate medical issues and present medical testimony.

  v. <u>Proposition 5</u>: Ineffective Assistance of Appellate Counsel due to failure to uncover the conflict of interest of trial counsel and raise the claim of ineffective assistance of trial counsel and raise the claim of ineffective assistance of trial counsel arising from the conflict.

  vi. <u>Proposition 6</u>: Ineffective Assistance of Appellate Counsel due to failure to discover the violation of <u>Brady v. Maryland</u> and raise the claim on direct appeal.

<u>Evidentiary Proceedings were held on Petitioner's Deficient Performance and Conflict of Interest Claims</u>:

The state trial court determined that the hearing on the Second Post-Conviction Application would be bifurcated. Consistent with this determination, in December 2014; January 2015; March 2015; April 2015; and August 2015, Petitioner received an evidentiary hearing which focused exclusively on the first prong of Petitioner's *Strickland* claims stemming from trial counsel's deficient performance and conflicts of interest. Consistent with the bifurcation determination, no hearing was held on the second prong of the <u>Strickland</u> claims (Propositions I-II), the <u>Brady</u> claim (Proposition III), or the ineffective assistance of appellate counsel claims (Propositions IV-VI).

On March 27, 2018, the Honorable Timothy Henderson, District Judge, entered an order that tracked the state's proposed findings nearly word-for-

6

word, which denied Petitioner's *Application for Post-Conviction Relief* in Oklahoma County District Case No. CF-2004-351 in its entirety. Petitioner timely appealed to the OCCA, in Case No.: PC-2018-403.

On October 12, 2018, the OCCA concluded that Petitioner's arguments were barred or waived pursuant to state law and affirmed the denial of her second application for post-conviction relief.

### D. As for this Second Amended Petition for a Writ of Habeas Corpus

14. For this second amended petition, Petitioner seeks relief on the six propositions raised in the second state court post-conviction proceedings. Petitioner has exhausted her state remedies as to each.

   I. **Ground one:** *Ineffective Assistance of Trial Counsel for:* a) failure to fully investigate the cause of death and the timing of the injuries attribute to Petitioner, including the failure to timely consult with and retain expert witnesses, and b) failure to present testimony from the expert witnesses as to the cause and timing of the fatal injuries.

   a. Trial Counsel was aware that there were reasons to question the cause and timing of the child's death but failed to reasonably investigate those issues, failed to timely consult with and retain appropriate experts and failed to present expert testimony at trial, which resulted in Petitioner's conviction.

   b. Petitioner contends that she has exhausted her state remedies on this ground.

c. Appellate counsel failed to raise ground one on direct appeal. That failure is the basis for Ground Four in this Petition.

d. Petitioner initially raised this issue, in part, in her January 16, 2009, *Petition in Error,* through which she attempted to appeal the denial of post-conviction relief in the OCCA, case number HC-2009-33. She subsequently raised this issue through a post-conviction application for relief in state court on June 5, 2012, in the Oklahoma County District Court, case number CF-2004-351. The state district court held post-conviction evidentiary hearings on the issue of whether Petitioner's trial counsel rendered deficient performance or labored under conflict of interest and issued a ruling denying the post-conviction application. Petitioner timely appealed to the OCCA, Case No.: PC-2018-403 from a March 27, 2018, court order entered by the Honorable Timothy Henderson, District Judge, denying Petitioner's *Application for Post-Conviction Relief* in Oklahoma County District Case No. CF-2004-351.

II. **Ground two:** *Ineffective Assistance of Trial Counsel Due to Trial Counsel Suffering from Conflict of Interest.*

   a. At the time of trial and during all relevant pretrial stages, trial counsel Isaac Funderburk – Petitioner's only attorney contact and the lead attorney -- was facing felony criminal charges in state court and being prosecuted by the same district attorney's office prosecuting Petitioner. This was not disclosed to Petitioner; nor did Mr. Funderburk disclose that he had previously been convicted of a felony. The simultaneous prosecution after previous conviction, as well as trial counsel's other personal and financial difficulties, created a conflict of interest from which prejudice is presumed. Even if prejudice is not presumed, Petitioner contends that an actual conflict of interest existed because Mr. Funderburk was distracted from attending to her case and using funds she provided for experts for his own personal expenses or for other purposes other than for their intended use – all of which caused her prejudice. Importantly, the State of Oklahoma also failed to disclose this conflict of interest to Petitioner and secure a valid waiver.

   b. Petitioner contends that she has exhausted her state remedies on this ground.

   c. This ground was not raised on direct appeal. Petitioner did not become aware of the criminal charges (or her trial counsel's own criminal history) until Petitioner's habeas counsel was conducting an investigation into the

      performance of her trial counsel. To Petitioner's knowledge, her appellate counsel was not aware of the conflict(s) of interest and therefore could not have raised ground two on direct appeal. Alternatively, if it could have been raised, then appellate counsel was ineffective for failing to uncover the conflict and raise it, see Ground Five.

   d. Petitioner raised this issue through a post-conviction application for relief in state court on June 5, 2012, in the Oklahoma County District Court, case number CF-2004-351. State district court held post-conviction evidentiary hearings on this issue and the State district court issued its ruling denying the post-conviction application. Petitioner timely appealed to the OCCA, Case No.: PC-2018-403 from a March 27, 2018 court order entered by the Honorable Timothy Henderson, District Judge, denying Petitioner's *Application for Post-Conviction Relief* in Oklahoma County District Case No. CF-2004-351.

III. **Ground three:** *The State of Oklahoma Deprived Petitioner of Her Right to Due Process When it Failed to Disclose Exculpatory Evidence.*

   a. The State of Oklahoma failed to provide key evidence, including histological slides, special iron stains conducted by the Medical Examiner's Office, and radiology images – all of which tend to exculpate Petitioner – the withholding of which resulted in Petitioner's conviction.

   b. Petitioner contends that she has exhausted her state remedies on this ground.

    c. This ground was not raised on direct appeal. Appellate counsel was not aware, to Petitioner's knowledge, however, that the medical examiner had performed a special iron stain and failed to report this and/or the results. However, alternatively, appellate counsel failed to recognize the discovery the <u>Brady</u> material and raise the issue on direct appeal, which Petitioner argues was constitutionally deficient. (See Ground Six below).

    d. Petitioner raised this issue through a post-conviction application for relief in state court on June 5, 2012, in the Oklahoma County District Court, case number CF-2004-351. State district court held post-conviction evidentiary hearings on this issue and the State district court issued its ruling denying the post-conviction application. Petitioner timely appealed to the OCCA, Case No.: PC-2018-403 from a March 27, 2018 court order entered by the Honorable Timothy Henderson, District Judge, denying Petitioner's *Application for Post-Conviction Relief* in Oklahoma County District Case No. CF-2004-351.

IV. **Ground four:** *Ineffective Assistance of Appellate Counsel Due to Failure to Raise the Claim of Ineffective Assistance of Trial Counsel Arising Out of Failure to Investigate Medical Issues and Present Medical Testimony.*

    a. Appellate counsel was made aware of the medical issues pointing to an alternative cause of death and that such information had been made available previously to trial counsel. Appellate counsel, however, failed to raise an ineffective assistance of trial counsel claim on direct appeal. Had

      appellate counsel raised the issue on direct appeal, Petitioner would have been entitled to relief.

  b. Petitioner contends that she has exhausted her state remedies on this issue.

  c. Ground four was not raised on direct appeal. The ineffectiveness of appellate counsel is not something that can be raised during direct appeal but was raised for the first time on Petitioner's Second Application for Post-Conviction Relief.

  d. Petitioner raised this issue through a post-conviction application for relief in state court on June 5, 2012, in the Oklahoma County District Court, case number CF-2004-351. State district court held post-conviction evidentiary hearings on this issue and the State district court issued its ruling denying the post-conviction application. Petitioner timely appealed to the OCCA, Case No.: PC-2018-403 from a March 27, 2018 court order entered by the Honorable Timothy Henderson, District Judge, denying Petitioner's *Application for Post-Conviction Relief* in Oklahoma County District Case No. CF-2004-351.

V. **Ground five:** *Ineffective Assistance of Appellate Counsel Due to Failure to Uncover the Conflict of Interest of Trial Counsel and Raise the Claim of Ineffective Assistance of Trial Counsel Arising from the Conflict*

  a. Appellate counsel failed to investigate the conflict of interest of trial counsel, for which prejudice is presumed and the failure to present that issue on appeal caused Petitioner prejudice.

    b. Petitioner contends that she has exhausted her state remedies on this ground.

    c. This ground was not raised on direct appeal. The ineffectiveness of appellate counsel is not something that can be raised during direct appeal but was raised for the first time on Petitioner's Second Application for Post-Conviction Relief.

    d. Petitioner has raised this issue through a post-conviction application for relief in state court on June 5, 2012, in the Oklahoma County District Court, case number CF-2004-351. State district court held post-conviction evidentiary hearings on this issue and the State district court issued its ruling denying the post-conviction application. Petitioner timely appealed to the OCCA, Case No.: PC-2018-403 from a March 27, 2018 court order entered by the Honorable Timothy Henderson, District Judge, denying Petitioner's *Application for Post-Conviction Relief* in Oklahoma County District Case No. CF-2004-351.

VI. **Ground six:** *Ineffective Assistance of Appellate Counsel Due to Discovery the Violation of Brady v. Maryland and Raise the Claim on Direct Appeal.*

    a. Counsel overlooked the fact that the medical records indicated that certain tests – including CT scan and histological slides – had been conducted but that the actual material tested was not ever produced to the defense. As this evidence was clearly exculpatory and the state's failure to disclose

resulted in Petitioner's conviction, appellate counsel's failure to discover and present the violation caused Petitioner to suffer prejudice.

b. Petitioner contends that she has exhausted her state remedies on this ground.

c. This ground was not raised on direct appeal. The ineffectiveness of appellate counsel is not something that can be raised during direct appeal but was raised in Petitioner's Second Application for Post-Conviction Relief.

d. Petitioner has raised this issue through a post-conviction application for relief in state court on June 5, 2012, in the Oklahoma County District Court, case number CF-2004-351. State district court held post-conviction evidentiary hearings on this issue and the State district court issued its ruling denying the post-conviction application. Petitioner timely appealed to the OCCA, Case No.: PC-2018-403 from a March 27, 2018 court order entered by the Honorable Timothy Henderson, District Judge, denying Petitioner's *Application for Post-Conviction Relief* in Oklahoma County District Case No. CF-2004-351.

15.   Petitioner contends that all grounds for relief raised in this Second Amended Petition for Writ of Habeas Corpus have been presented to the Oklahoma Court of Criminal Appeals, the highest court in the State of Oklahoma with appellate jurisdiction in criminal cases.

16.  Petitioner has no other pending petition, application, or motion filed in a federal court.

17.  Petitioner does not have any other petition or appeal now pending in any court, for the judgment Petitioner is challenging.

18.  The name of each attorney who represented Petitioner in the following stages of the conviction of judgment:

   a. Preliminary Hearing: Public Defender, Ms. Jennifer Chapel Richard, 1001 N.W. 63rd St. Suite 280, Oklahoma City, OK 73116.

   b. Arraignment and Plea: Ms. Richard.

   c. Trial: The late Mr. Isaac Funderburk IV; Mr. David Slane, 427 N. Meridian Ave., Oklahoma City, OK 73107; and Mr. Eric Reynolds, 304 W. Choctaw Ave, Chickasha, Oklahoma 73018.

   d. Sentencing: the late Mr. Isaac Funderburk.

   e. Direct Appeal: Mr. Steven M. Presson, 5327 Washington Blvd., Indianapolis, IN 46220.

   f. First post-conviction application proceedings: Pro-se.

   g. Second post-conviction application proceeding: Ms. Christine Cave, Employers Legal Resource Center, 3500 S. Boulevard, Suite 14-B, Edmond, Oklahoma 73013.

   h. Post-conviction evidentiary hearings: Ms. Cave; Ms. Andrea Miller, 320 Robert S. Kerr, Ste 611, Oklahoma City, OK 73102; and Ms. Tina L. Izadi, 2964 Via Esperanza, Edmond, OK 73013.

    i. Appeal from the district court order denying Petitioner's post-conviction relief: Mses. Cave and Miller.

    j. Prior proceedings in this habeas action: Ms. Cave.

19. After Petitioner has served the sentences for the judgment she will not have any future sentences to serve.

20. This Second Amended Petition for Writ of Habeas relief is timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), in that Petitioner has filed it within one year of the OCCA's denial of her Second Application for Post-Conviction Relief. However, Petitioner recognizes that her initial application in this Court was untimely but, on October 28, 2011, this Court found that Petitioner has demonstrated grounds to excuse operation of the AEDPA time bar, such that her case should proceed to avoid a miscarriage of justice. (ECF Nos. 135, 139.)

## REQUEST FOR RELIEF

Wherefore, Petitioner requests that the Court issue a writ of habeas corpus to have Petitioner brought before it such that Petitioner may be discharged from her unconstitutional confinement and restraint. Petitioner also seeks all other relief to which she may be entitled.

Respectfully Submitted,

s/Christine Cave
Christine Cave, OBA #19774
Employers Legal Resource Center
3500 S. Boulevard, Suite 14-B
Edmond, OK 73013
Phone: 405-702-9797
Fax:   405-576-3956
Email: ccave@okemployerlaw.com
mainoffice@okemployerlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of April 2019, I electronically transmitted the attached document to the Court Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Tessa L. Henry,
Diane Slayton,
Assistant Attorney General

                                                    s/Christine Cave
                                                    Christine Cave

## DECLARATION UNDER PENALTY OF PERJURY

I, Beverly Michelle Moore, declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of material fact may serve as the basis for prosecution for perjury.

*Beverly Michelle Moore*
Beverly Michelle Moore