**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BEVERLY MICHELLE MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. CIV-09-985-G |
| vs. | ) |
| | ) |
| DEBBIE ALDRIDGE, Warden, | ) |
| | ) |
| Respondent. | ) |

**PETITIONER'S LIMITED OBJECTION
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C § 636 and Fed. R. Civ. P. 72, Petitioner Beverly Moore hereby respectfully submits her limited objection to the Magistrate Judge's Report and Recommendation issued on December 12, 2019. The Magistrate Judge's report recommends the Court reject Respondent's procedural bar claims and affirm this Court's actual innocence determination.[1] Petitioner files a limited objection to the Magistrate Judge's recommendation that Respondent be permitted to file additional briefing to respond to the merits of Petitioner's constitutional claims, *see* Rep. and Recommendation, ECF No. 244 at 21.

In its January 18, 2019, Order, this Court specifically ordered that Respondent's "answer . . . provide an analysis of each said grounds any cases and supporting documents relied upon by Respondent in opposition to said grounds." ECF No. 219 at 2. The Order is consistent with Federal Rule of Habeas Procedure 5(b), which provides that "[t]he answer

---

[1] In so doing, it appears that the Magistrate Judge is rejecting Respondent's implicit invitation to reconsider the *Schlup v. Delo*, 513 U.S. 298 (1995) finding. Of course. were this Court to reject the Magistrate Judge's findings and sua sponte reconsider the Court's prior finding of actual innocence, Petitioner would be entitled to the opportunity to be heard. *Rimbert v. Eli Lily & Co.*, 647 F.3d 1247, 1251.

must address the allegations in the petition." Allegations not expressly disputed in the answer are deemed admitted. *See* Fed. R. Civ. P. 8(a)(6); Fed. R. Habeas. P. 12 (applying the Federal Rules of Civil Procedure as long as the rule does not conflict with the Habeas Rules). Respondent elected to not answer the merits of Petitioner's constitutional claims and opted instead to focus on trying to convince the Magistrate Judge to reverse the *Schlup* determination already made by this Court. Therefore, pursuant to the above rule, Respondent has admitted any allegations not expressly denied.

The writ of habeas corpus is to be a "swift and imperative remedy" in cases of illegal confinement. *Braden v. 30th Judicial Circuit,* 410 U.S. 484, 490 (1973). As acknowledged in the Report and Recommendation, Respondent previously ignored this Court's order to respond on the merits and instead filed a second motion to dismiss, *see* ECF Nos. 244 at 10; *see also* ECF Nos. 140, 159. In support of that second motion to dismiss, Respondent represented to this Court the availability of a state court remedy, but then took the opposite position in state court, ultimately delaying Petitioner's access to the habeas remedy by more than six years. *Compare* ECF No. 162 (reciting Respondent's position with respect to an available remedy in state court) *with* State's Resp. to 2nd App for Relief, Ex. 1. Permitting Respondent to file *another* responsive document rewards Respondent for her dilatory tactics and disregard of this Court's January 18, 2019, Order setting forth the required contents of any answer, resulting in yet another extensive delay of the proceedings. Respondent has *twice* been ordered to respond on the merits over the past eight years and has both times ignored the court orders and failed to do so. Petitioner agrees with the Magistrate Judge's recommendation that the Court reach the merits of the case but contends it should do so

with the briefing and evidence provided to date, and with all allegations not expressly denied in Respondent's answer deemed admitted.

## CONCLUSION

Petitioner requests the Court sustain her limited objection to the recommendation that Respondent be permitted additional briefing and instead requests that the Court deem admitted any allegations not directly disputed by Respondent in her answer. In all other regards, Petitioner contends that the Report and Recommendation should be adopted.

Respectfully Submitted,

s/Christine Cave
Christine Cave, OBA #19774
Employers Legal Resource Center
3500 S. Boulevard, Suite 14-B
Edmond, OK 73013
Phone: 405-702-9797
Fax:   405-576-3956
Email: ccave@okemployerlaw.com
       mainoffice@okemployerlaw.com

and

Andrea Digilio Miller, OBA #17019
Oklahoma Innocence Project
800 N. Harvey, Suite 317
Oklahoma City, OK 73102
Phone: 405-208-6161
Fax:   405-208-6171
Email: admiller@okcu.edu

**ATTORNEYS FOR PETITIONER**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January 2020, I electronically transmitted the attached document to the Court Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Tessa Henry,
Attorney for Respondent

                                         s/Christine Cave
                                         Christine Cave