IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEVERLY MICHELLE MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-09-985-G |
| ) | |
| ABOUTANAA EL HABTI, WARDEN,[1] ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S RESPONSE IN OPPOSITION TO PETITIONER'S LIMITED OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 72(b)(2), Respondent, by and through the Attorney General of the State of Oklahoma, respectfully responds in opposition to Petitioner's Limited Objection to the Magistrate Judge's Report and Recommendation ("R&R"). In support thereof, Respondent submits the following.

On December 12, 2019, the Magistrate Judge issued an R&R recommending that Respondent's procedural arguments be rejected on the basis of Petitioner's actual innocence claim and that Respondent be ordered to respond to the merits of Petitioner's constitutional claims as raised in her second amended habeas petition. Doc. 244. On January 2, 2020, Petitioner filed a limited objection to the R&R claiming that Respondent should not be allowed to file an answer on the merits to her habeas petition. Doc. 245.

---

[1] Mr. Aboutanaa El Habti is the current warden at Mabel Bassett Correctional Center and should replace Ms. Debbie Alridge as Respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases.

Petitioner's limited objection should be rejected for a number of reasons. To begin with, Petitioner's objection rests primarily on a Federal Rule of Civil Procedure that is not applicable in federal habeas proceedings. Specifically, Petitioner asserts that Respondent, by not earlier responding on the merits to her habeas petition, admitted any allegations not expressly disputed pursuant to Fed. R. Civ. P. 8(b)(6). Doc. 245 at 2.[2] However, the Federal Rules of Civil Procedure apply in federal habeas proceedings only to the extent a practice "is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases." Fed. R. Civ. P. 81. Relevant here, Rule 5(b) of the Rules Governing Section 2254 Cases provides that "[t]he answer must address the allegations in the petition" and "state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." In contrast, Fed. R. Civ. P. 8 provides that, "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(A)-(B). Further, the Rule relied on by Petitioner states that "[a]n allegation," in a pleading stating a claim for relief, "is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." Fed. R. Civ. P. 8(b)(6).

Petitioner cites no case in support of her assumption that Fed. R. Civ. P. 8(b)(6) applies in federal habeas proceedings. Indeed, multiple courts have concluded that Fed.

---

[2] Petitioner refers to "Fed. R. Civ. P. 8(a)(6)" but it appears she means to cite Fed. R. Civ. P. 8(b)(6).

R. Civ. P. 8(b)(6) does *not* apply in federal habeas or post-conviction proceedings, particularly in light of Rule 5(b) of the Rules Governing Section 2254 and 2255 Cases. *See, e.g.*, *Price v. United States*, 779 F. App'x 383, 385 (6th Cir. 2019) (unpublished)[3] (analyzing identical language from the Rules Governing Section 2255 Cases stating that the government must "address the allegations" in the post-conviction motion and concluding this is less "stringent" than the inapplicable Fed. R. Civ. P. 8(b)(6)); *McCrary v. Lee*, No. 12-CV-2867 SJF, 2013 WL 5937420, at *4 (E.D.N.Y. Oct. 29, 2013) (unpublished) ("[U]nlike Rule 8(b)(6) of the Federal Rules of Civil Procedure, neither Rule 5, nor any other Section 2254 Rule or federal statute, provides that any allegation in a Section 2254 habeas petition that is not specifically denied or addressed by the respondent is deemed admitted."); *MacWilliams v. United States*, No. 1:06CR59-1, 2009 WL 6657795, at *20 & n. 22 (N.D.W. Va. Oct. 2, 2009), *report and recommendation adopted*, No. 1:06CR59-1, 2010 WL 2776182 (N.D.W. Va. July 14, 2010) (unpublished) (concluding that under Rule 5(b) the government did not concede the petitioner's allegations by not expressly denying them and that it would be "not only burdensome, but impractical" to apply in a post-conviction setting "a strict requirement to answer each and every claim individually and separately"). Furthermore, as the Eleventh Circuit has recognized, even if Fed. R. Civ. P. 8(b)(6) is applicable in federal habeas proceedings, responses to habeas petitions are not required and therefore, by the plain language of Fed. Rule Civ. P. 8(b)(6), the State does not admit allegations by failing to expressly deny

---

[3] All unpublished decisions are cited for persuasive value only pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

them.  *See Tarver v. United States*, 344 F. App'x 581, 582-83 (11th Cir. 2009) (unpublished); *compare* Rule 5(a) of the Rules Governing Section 2254 Cases ("The respondent is not required to answer the petition unless a judge so orders."), *with* Fed. R. Civ. P. 8(b)(6) ("If a responsive pleading is not required, an allegation is considered denied or avoided.").

As an additional matter, Petitioner's suggestion that the State forfeits the ability to respond to the merits of constitutional claims by filing a motion to dismiss finds no support in established procedure in Oklahoma federal habeas practice.  Federal District Courts in Oklahoma, including in the Western District, routinely allow the State to file a merits response after procedural arguments made in a preliminary motion to dismiss are rejected.  *See, e.g.*, *Marshall v. Jones*, 639 F. Supp. 2d 1240, 1244 (N.D. Okla. 2009); *Bryant v. Dowling*, No. 17-CV-468-CVE-JFJ, 2019 WL 3304812, *1 (N.D. Okla. Jul. 23, 2019) (unpublished); *Paulson v. Dowling*, No. 17-CV-0568-CVE-JFJ, 2018 WL 3596040, at *3 (N.D. Okla. July 26, 2018) (unpublished); *Hall v. Allbaugh*, No. CIV-15-203-M, 2016 WL 1305945, at *7 (W.D. Okla. Feb. 18, 2016), *report and recommendation adopted*, No. CIV-15-203-M, 2016 WL 1268309 (W.D. Okla. Mar. 31, 2016) (unpublished); *Hackett v. Farris*, No. 11-CV-322-GKF-TLW, 2014 WL 4825263, at *3 (N.D. Okla. Sept. 25, 2014) (unpublished); *Robinson v. Patton*, No. CIV-14-0548-HE, 2014 WL 3865388, at *1 (W.D. Okla. Aug. 5, 2014) (unpublished); *Darden v. Jones*, No. CIV-13-392-C, 2013 WL 5363011, at *3 (W.D. Okla. Sept. 25, 2013) (unpublished); *Brown v. Rudek*, No. 09-CV-0686-CVE-PJC, 2011 WL 8947, at *3 (N.D. Okla. Jan. 3, 2011) (unpublished); *Patton v. Oklahoma*, No. 08-CV-519-GKF-FHM, 2009 WL

4892601, at *1 (N.D. Okla. Dec. 10, 2009) (unpublished); *Carter v. Jones*, No. CIV-08-1119-C, 2009 WL 455433, at *3 (W.D. Okla. Feb. 23, 2009) (unpublished); *Sutton v. Dep't of Corr.*, No. CIV 08-134JHP-KEW, 2008 WL 5155657, at *1 (E.D. Okla. Dec. 8, 2008) (unpublished); *Winfrey v. Oklahoma*, No. 08-CV-0174-CVE-SAJ, 2008 WL 4936314, at *3 (N.D. Okla. Nov. 17, 2008) (unpublished); *Hunter v. Franklin*, No. 06-CV-0230 CVESAJ, 2007 WL 211218, at *3 (N.D. Okla. Jan. 24, 2007) (unpublished); *Santoyo v. Jones*, No. CIV-05-1253-L, 2006 WL 931952, at *1 (W.D. Okla. Apr. 10, 2006) (unpublished).[4]

This established procedure in Oklahoma federal habeas cases is consistent with the policies driving the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As the Tenth Circuit has recognized, "habeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside." *United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008). For example, "AEDPA's statute of limitations itself serves unique purposes beyond the concerns of the parties such as 'promoting judicial efficiency and conservation of judicial resources, safeguarding the accuracy of state court judgments by requiring resolution of

---

[4] Although Respondent's answering pleading was titled as a "Response" to Petitioner's second amended habeas petition, Doc. 234, the pleading requested relief equivalent to that ordinarily requested in a motion to dismiss. As recognized by the R&R, Respondent asserted procedural defenses, claiming that Petitioner's claims were "unexhausted, untimely or procedurally barred." Doc. 244 at 16. Indeed, Petitioner seems to imply that she construes Respondent's answering pleading akin to a motion to dismiss. Doc. 245 at 2. Thus, although the above-cited cases admittedly involved motions to dismiss, whether Respondent is permitted an opportunity to respond to the merits of Petitioner's claims should not turn on a distinction as formalistic as the titling of Respondent's pleading.

constitutional questions while the record is fresh, and lending finality to state court judgments within a reasonable time.'" *Id.* at 747 (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)) (alterations adopted). The above-described procedure—by which potentially complicated procedural issues are resolved before constitutional claims are answered on the merits—plainly serves to promote judicial efficiency and conserve judicial resources.[5]

Petitioner appears to suggest that this Court's January 18, 2019, Order directing Respondent to file an answer to her second amended habeas petition mandated Respondent to address her claims on the merits. Doc. 245 at 1. This is incorrect. The language of this Court's Order paralleled the language of Rule 5(b). *Compare* Rule 5(b) of the Rules Governing Section 2254 Cases ("The answer must address the allegations in the motion" and "state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."), *with* Doc. 219 at 1-2 ("Respondent shall file an answer addressing the allegations of Petitioner's operative pleading" and "[t]his answer should address" any issues with regard to timeliness, "failure to exhaust state remedies, a procedural bar, or nonretroactivity"). As shown above, Rule 5(b) does not provide that a State admits allegations not specifically denied in a responsive pleading. Furthermore, common practice allows a State to assert procedural bars prior to the filing of an answer on the merits. Thus, nothing in this Court's Order, construed in light of Rule 5(b) and common habeas practice, supports

---

[5] Indeed, this case provides a perfect example of such. Even when focused on procedural issues, Respondent's response was more than one hundred pages long. Doc. 234.

Petitioner's suggestion that Respondent has forfeited the opportunity to file an answer on the merits.

Finally, Petitioner also claims that Respondent has engaged in dilatory tactics by not earlier responding on the merits and further claims that allowing a response on the merits now would unjustly reward Respondent. Doc. 245 at 2-3. However, despite Petitioner's assertions, Respondent *did not* engage in dilatory tactics in so responding to the second amended habeas petition. Rather, Respondent possessed a good faith basis upon which to initially file a response focusing on exhaustion, procedural bars, and timeliness rather than the merits of Petitioner's claims within the second amended petition. For instance, as earlier noted by Respondent in his response, although Petitioner returned to state court to exhaust[6] the claims raised within her amended petition (namely, ineffective assistance of counsel related to the medical evidence and experts involved in the case), she raised multiple new claims in her second post-conviction application. Doc. 234 at 23-38. Furthermore, upon returning to federal court, in the brief in support to her second amended petition, Petitioner raised new claims that had not been exhausted via her second post-conviction appeal. Doc. 234 at 23-38. Thus, Respondent, in good faith,

---

[6] Importantly, although Petitioner claims she is entitled to a "swift" habeas remedy, the delay in this case (partially due to the state post-conviction proceedings) was not caused in vain; rather, such "delay" was for the purpose of exhaustion. Doc. 182 at 2-3; Doc. 244 at 11. As this Court is aware, exhaustion is an undeniably important interest driving Congress in its enactment of the AEDPA, as states often have "important interests in comity and enforcement of [their] own criminal judgments, which Congress [has] recognized . . . ." *Kell v. Benzon*, 925 F.3d 448, 462 (10th Cir. 2019). However, "habeas review inherently creates tension with comity, as federal courts review decisions by a state's highest court"; thus, "[t]o ease this tension, Congress has required habeas petitioners to exhaust state-court remedies" in the majority of cases. *Id.*

sought to raise affirmative defenses in regard to these new claims[7] that were, in Respondent's view, untimely, unexhausted, or otherwise procedurally barred.

Truly, while such procedural arguments have ultimately proved unsuccessful, at least, according to the Magistrate Judge's R&R, Respondent, in good faith, reasonably believed such affirmative defenses were necessary to raise in such a unique case as this one (especially since, even after returning to state court for exhaustion purposes, Petitioner still sought to raise unexhausted claims). Further, Respondent believed that Petitioner's actual innocence claims were unsuitable in such a context, especially in regard to Petitioner's entirely new, unexhausted claims within the second amended petition and brief in support. *See, e.g.*, *Williams v. Argento*, No. 18-CV-1080V, 2019 WL 2124506, at *2 (W.D.N.Y. May 15, 2019) (unpublished) ("The actual innocence exception is designed to preserve habeas review for a petitioner who exhausted his state court remedies but neglected to preserve certain issues, not to give license to any prisoner claiming actual innocence to bypass the exhaustion requirement."); *Saunders v. Comm'r, Dep't of Corr.*, No. 10 CV 410 MRK, 2011 WL 572313, at *3 (D. Conn. Feb. 15, 2011) (unpublished) (noting that "while a claim of actual innocence might avoid a procedural default, it will not excuse a defendant from exhausting available state remedies"). Thus, although Respondent's arguments were ultimately unsuccessful in the eyes of the

---

[7] In so asserting, Respondent respectfully disagrees with the Magistrate Judge's observation that Respondent simply "resort[ed] to previous arguments made before this Court" in its recent response. Doc. 244 at 16. Nevertheless, Respondent elected not to object to the R&R and fully intends to respond on the merits to Petitioner's constitutional claims when ordered by this Court.

Magistrate Judge, Respondent made such arguments in good faith and not in a dilatory manner.

Accordingly, for all the above and foregoing reasons, Respondent respectfully asks that this Court overrule Petitioner's Limited Objection to the Magistrate Judge's R&R and allow Respondent to file an answer fully responding to the merits of Petitioner's constitutional claims.

Respectfully submitted,

**MIKE HUNTER**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/CAROLINE E.J. HUNT**
**CAROLINE E.J. HUNT, OBA #32635**
**ASSISTANT ATTORNEY GENERAL**

**s/TESSA L. HENRY**
**TESSA L. HENRY, OBA #33193**
**ASSISTANT ATTORNEY GENERAL**

313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (FAX)
fhc.docket@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

**X**     I hereby certify that on January 14, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and for transmittal to the following ECF registrants:

Ms. Christine Cave
ccave@okemployerlaw.com

Ms. Andrea Digilio Miller
admiller@okcu.edu

**s/CAROLINE E.J. HUNT**

**s/TESSA L. HENRY**

