UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BEVERLY MICHELLE MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-985-G |
| | ) | |
| ABOUTANAA EL HABTI,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Beverly Michelle Moore, a state prisoner appearing through counsel, initiated this 28 U.S.C. § 2254 habeas corpus proceeding in 2009 and filed her Second Amended Petition (Doc. No. 226) and supporting Brief (Doc. No. 227) in April 2019. Respondent has filed an Answer (Doc. No. 234), to which has Petitioner replied (Doc. No. 239).

In accordance with 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings. On December 12, 2019, Judge Purcell issued a Report and Recommendation ("R. & R.") (Doc. No. 244), in which he recommended that "Respondent be ordered to address and respond to the merits of Petitioner's claims" as set forth in the Second Amended Petition. R. & R. at 2. The undersigned agrees for the reasons set forth below.

---

[1] The current Warden of the facility where Petitioner is incarcerated is hereby substituted as Respondent. *See* R. 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.; Fed. R. Civ. P. 25(d), 81(a)(4).

I.      *The Report and Recommendation: Actual Innocence*

The R. & R. includes a detailed background of the underlying state-court and federal habeas proceedings in this matter, and there is no need to repeat that history here. *See id.* at 2-15. Following this background, Judge Purcell addresses the federal habeas claims raised by the Second Amended Petition, *see id.* at 15-16, and by Respondent's Answer, which asserts that Petitioner's instant claims are "unexhausted, untimely or procedurally barred." *Id.* at 16; *see* Answer at 39-117. The R. & R. rejects Respondent's arguments and finds that the claims should be permitted to proceed on their merits:

> [T]he evidence of actual innocence previously presented to this Court is persuasive. Considering all the evidence, old and new, the undersigned finds that had the newly-discovered evidence been admitted at trial, it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt [of first-degree murder].
>
> . . . .
>
> Petitioner's case is one of the truly exceptional cases involving a compelling claim of actual innocence sufficient to require this Court to consider her constitutional claims.

R. & R. at 2, 21; *see also id.* at 9-10, 16-21; *House v. Bell*, 547 U.S. 518, 536-37 (2006) ("[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." (internal quotation marks omitted)); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.").

No party has filed an objection to this portion of the R. & R. or to any finding therein.² *See* 28 U.S.C. § 636(b)(1)(C); *see also* Resp't's Resp. (Doc. No. 247) at 8 n.7 ("Respondent elected not to object to the R&R . . . ."). Accordingly, the Court accepts and adopts this aspect of the R. & R.

II.     *The Report and Recommendation: Answer on the Merits*

Based upon the findings noted above, Judge Purcell recommends that "Respondent be ordered to respond to the merits of Petitioner's constitutional claims." R. & R. at 21; *see also id.* at 2. Petitioner filed a Limited Objection (Doc. No. 245) to this recommendation. Accordingly, the Court determines this recommendation de novo. *See* R. 8(b), R. Governing § 2254 Cases in U.S. Dist. Cts.; 28 U.S.C. § 636(b)(1)(C).

Petitioner objects that Respondent already had (but declined) the opportunity to address the merits of the pending habeas claims and that the Court should "deem admitted any allegations" of the Second Amended Petition "not directly disputed by Respondent in her answer." Pet'r's Ltd. Obj. at 3. Petitioner asserts that this approach would comport with the Federal Rules of Civil Procedure and that a bar on further briefing by Respondent is warranted by the length of time already expended on this habeas proceeding. *See id.* at 2-4.

---

² Nor has either party specifically moved the Court to revisit the Order issued by the Court on October 28, 2011, which specifically found: "Petitioner ha[s] made a sufficient showing of the probability of actual innocence sufficient to permit her case to overcome the limitations bar." Order (Doc. No. 139) at 2 (Cauthron, J.), *adopting* Proposed Findings of Fact & Conclusions of Law (Doc. No. 135) (Bacharach, M.J.); *see also id.* at 4 ("[T]he evidence presented by Petitioner demonstrating her actual innocence is sufficient to overcome the time bar which would otherwise bar her claim.").

3

Respondent responded to the Limited Objection, contending: (i) it is common practice to "allow the State to file a merits response after procedural arguments made in a preliminary motion to dismiss are rejected"; (ii) the State has engaged in no dilatory tactics; and (iii) the relevant case law does not support the proposition that federal habeas claims should be deemed admitted in these circumstances. Resp't's Resp. at 2-9.

The Court finds Respondent's repeated references to a "motion to dismiss" misleading. Although Respondent had filed two such motions previously in this case (Doc. Nos. 10, 24), its Answer was not designated a "motion," and it sought "deni[al]," not dismissal. Answer at 118. Further, despite the fact that this case has been ongoing since 2009, the docket indicates that both parties have been working reasonably diligently, without excessive requests for extensions.

The Court agrees with Respondent, however, that the relevant authorities do not support the proposition that Petitioner's claims of constitutional violations should be deemed admitted due to Respondent's failure to address them on their merits. Although Federal Rule of Civil Procedure 8(b)(6)[3] prescribes that an allegation is admitted "if a responsive pleading is required and the allegation is not denied," various courts have declined to apply this Rule to deem federal habeas or postconviction claims admitted. *See, e.g.*, *McCrary v. Lee*, No. 12-cv-2867 (SJF), 2013 WL 5937420, at *4 (E.D.N.Y. Oct. 29,

---

[3] The Federal Rules of Civil Procedure "may be applied" to § 2254 proceedings "to the extent that they are not inconsistent with any statutory provisions" or with the applicable habeas rules. R. 12, R. Governing § 2254 Cases in U.S. Dist. Cts.; *see also* Fed. R. Civ. P. 81(a)(4).

2013) ("[N]either Rule 5 [of the Rules Governing Section 2254 Cases in the United States District Courts], nor any other Section 2254 Rule or federal statute, provides that any allegation in a Section 2254 habeas petition that is not specifically denied or addressed by the respondent is deemed admitted."). Petitioner offers no on-point authority to show that the Court properly may deem her § 2254 claims admitted, and the Court overrules her objection. *Cf.* R. 5(a), R. Governing § 2254 Cases in U.S. Dist. Cts. ("The respondent is not required to answer the petition unless a judge so orders.").

## CONCLUSION

For all of these reasons, the Report and Recommendation (Doc. No. 244) is ADOPTED in its entirety. Respondent shall be permitted to file an answer to the Second Amended Petition that addresses the merits of the federal habeas claims raised therein. This matter is again referred to Magistrate Judge Purcell for further proceedings consistent with the previous order of referral.

IT IS SO ORDERED this 14th day of May, 2020.

_____
CHARLES B. GOODWIN
United States District Judge