# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEVERLY MICHELLE MOORE, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-09-985-G |
| TAMIKA WHITE, Warden, | ) ) |
| Respondent. | ) ) |

## ORDER

Now before the Court is a Motion to Stay Judgment (Doc. No. 274) filed by Respondent, Warden Tamika White. Petitioner Beverly Michelle Moore has responded (Doc. No. 279). Also pending is Petitioner's Motion for Release Pending Appeal (Doc. No. 275), to which Respondent has filed a Response (Doc. No. 280).

*I.  Background*

In September of 2005, Petitioner was convicted in the District Court of Oklahoma County, Oklahoma, of murder in the first degree and sentenced to life in prison with the possibility of parole. Order of Sept. 11, 2023 (Doc. No. 269) at 2. Following extensive proceedings in both the state courts and herein, the Court found that Petitioner had been deprived of her Sixth Amendment right to the effective assistance of trial counsel and conditionally granted Petitioner's 28 U.S.C. § 2254 habeas petition, ordering as follows:

> The State of Oklahoma may commence proceedings for a new trial on the underlying charge within 90 days of the entry of this Order. Failure to commence such proceedings within 90 days shall result in this Court ordering Petitioner Beverly Michelle Moore's permanent discharge and release from all restraints and custody of the State of Oklahoma on the conviction at issue.

*Id.* at 49; *see also* J. (Doc. No. 270).

On September 14, 2023, Respondent filed a Notice of Appeal regarding the Court's Order and Judgment. *See* Doc. No. 271. The instant motions followed shortly thereafter.

II.     *Relevant Standards*

Rule 23(c) of the Federal Rules of Appellate Procedure "creates a presumption of release from custody" "pending appeal [of] a district court order granting relief to habeas petitioner." *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).[1] In evaluating the parties' competing requests, the Court is guided both by Rule 23(c) and by "the factors traditionally considered in deciding whether to stay a judgment in a civil case." *Id.* at 777. The presumption in favor of release "may be overcome if the traditional stay factors tip the balance against it." *Id.* Those traditional stay factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776.[2]

---

[1] The Rule provides: "While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety." Fed. R. App. P. 23(c).

[2] "Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." *Hilton*, 481 U.S. at 778.

In addition, the Court considers: "the possibility of flight" by the petitioner; the "risk that the prisoner will pose a danger to the public if released," "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal,"[3] and the "always substantial" "interest of the habeas petitioner in release pending appeal." *Id.* at 777. The petitioner's interest in release pending appeal "will be strongest where the [preceding three factors] are weakest." *Id.* at 777-78.

III.   *Discussion*

In Respondent's Motion, Respondent asks the Court to stay its Order and Judgment while Respondent pursues an appeal in the Tenth Circuit Court of Appeals. Such a stay would allow the State to avoid initiating new trial proceedings until the outcome of the appeal is known. It also would require Petitioner to remain incarcerated until the outcome of the appeal is known. Petitioner, meanwhile, objects to a stay and seeks to be released from prison as the appeal proceeds through the appellate court.

In considering the request for a stay, the Court distinguishes between two aspects of the relevant ruling: (1) the requirement that the State initiate any retrial of Petitioner within 90 days—i.e., by December 10, 2023; and (2) absent any such initiation, Petitioner's release from State custody. *See* Order of Sept. 11, 2023, at 49. These are discussed in reverse order.

---

[3] The State's interest is "strongest where the remaining portion of the sentence to be served is long" and "weakest where there is little of the sentence remaining to be served." *Hilton*, 481 U.S. at 777.

- *Petitioner's Release*

As to the release of Petitioner, the Court finds that Respondent has failed to overcome the Rule 23(c) presumption of release or to show that a stay of this aspect of the ruling is warranted.

Regarding the likelihood of success on the merits, Respondent presents extensive briefing as to the challenges she plans to raise on appeal. Petitioner counters with a credible argument of forfeiture/waiver, as well as an attack on the merits of the suggested challenges. Without disregarding the possibility that Respondent may prevail, the Court does not view Respondent's submission as a strong showing of a likelihood of success on the merits.

Further, Respondent does not adequately show that any irreparable injury will occur as a result of Petitioner's release. There does not appear to be a significant risk of flight or danger to the public here. Petitioner had no prior criminal history when convicted. Pet'r's Mot. at 8. Petitioner has family ties in Oklahoma and has been accepted for entry at a transitional living center upon her release from prison. *Id.* at 9-10; *see id.* Ex. 1 (Doc. No. 275-1).

The State's interest in continued custody stems only from the offense that is the subject of the Court's Order and Judgment of September 11, 2023, and not any broader concern about criminal activity by Petitioner. Courts recognize little public interest, though, in continued incarceration for a criminal conviction that has been found to be "constitutionally infirm." *Hilton*, 481 U.S. at 779. While Petitioner still has approximately 20 years to serve prior to being eligible for parole, Resp't's Resp. at 9, this fact does not

4

tip the scale in favor of keeping Petitioner imprisoned, as the conviction underlying her sentence has been found to be premised on a violation of the Sixth Amendment right to effective counsel and Petitioner, therefore, is "suffer[ing] a continuing injury while incarcerated." *Newman v. Metrish*, 300 F. App'x 342, 344 (6th Cir. 2008).

**The Court therefore ORDERS that Petitioner shall be released from custody on or before December 10, 2023.** The Court shall allow the parties to propose conditions of release for Petitioner pending appeal and, if necessary, shall hold a hearing on appropriate conditions of release. The Court may also consult with the U.S. Probation Office for the Western District of Oklahoma. *See Fontenot v. Crow*, No. 19-7045 (10th Cir. Nov. 4, 2019) (order); *Fontenot v. Crow*, No. CIV-16-069 (E.D. Okla. Dec. 4, 2019) (order); *Newman*, 300 F. App'x at 343-44 (denying the state's request for a stay where the petitioner was released on an unsecured bond with conditions pending appeal).

**Accordingly, Petitioner is directed to file a brief proposing conditions of release by October 30, 2023. Respondent shall file a response brief by November 6, 2023. Petitioner may file a reply brief by November 13, 2023.**

- *Commencement of Retrial Proceedings*

Although Petitioner argues that Respondent's assumption that the State will seek retrial is speculative, Petitioner's primary objection is to a stay of her release rather than to a stay of the retrial deadline. *See, e.g.*, Pet'r's Resp. 24-25. Further, Respondent plausibly asserts that enforcement of the 90-day retrial deadline may result in costly and time-consuming proceedings for the parties and the state court that could be avoided by waiting for the appeal to conclude. *See* Resp't's Mot. at 6, 27-29.

The Court agrees with Respondent that the relevant factors, particularly the consideration of the public interest, weigh in favor of a stay of the retrial deadline. *See id.* at 29 ("A successful appeal would save the public time and money . . . . Should Respondent not be successful on appeal, the parties would be returned to their present condition, with the State required to retry . . . Petitioner."); *see, e.g.*, *Fontenot*, No. 19-7045 (10th Cir. Nov. 4, 2019) (order granting a stay pending an appeal of the district court's order to grant the petitioner a new trial).

**The Court therefore ORDERS that the requirement in the September 11, 2023 Order and Judgment for the State of Oklahoma to commence proceedings for a new trial on the underlying charge is hereby STAYED, pending the outcome of Respondent's appeal (No. 23-6133) to the Tenth Circuit Court of Appeals.** Within seven days of mandate issuing on such appeal, the parties shall notify this Court of the disposition of the appeal and, as applicable, submit any request regarding reimposition of the retrial deadline.

## CONCLUSION

As set forth herein, Respondent's Motion to Stay Judgment (Doc. No. 274) is GRANTED IN PART and DENIED IN PART. Petitioner's Motion for Release Pending Appeal (Doc. No. 275) is GRANTED to the extent outlined above.

IT IS SO ORDERED this 19th day of October, 2023.

*[Signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge