UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEVERLY MICHELLE MOORE, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-09-985-G |
| TAMIKA WHITE, Warden, | ) ) |
| Respondent. | ) ) |

## TEMPORARY RESTRAINING ORDER

On September 11, 2023, the Court conditionally granted Petitioner Beverly Michelle Moore's 28 U.S.C. § 2254 habeas corpus petition, finding the challenged conviction to be constitutionally infirm and directing that, if the State of Oklahoma did not commence proceedings for a new trial within 90 days, Petitioner would be permanently discharged and released from all restraints and custody of the State of Oklahoma on the conviction at issue. Subsequently, upon application of Respondent, Warden Tamika White, the Court ordered that the retrial deadline be stayed pending disposition of Respondent's appeal of the Court's September 11, 2023 Order. The Court directed, however, that Petitioner be released from custody, subject to conditions, on or before December 10, 2023. *See* Order of Oct. 19, 2023 (Doc. No. 281); Order of Nov. 9, 2023 (Doc. No. 286).

On November 15, 2023, the Court held a status conference and hearing concerning issues that had arisen with Petitioner's expected release later that day. Petitioner was subsequently released that day. *See* Doc. No. 292.

Now before the Court is Petitioner's request for the Court to issue a temporary restraining order enjoining enforcement of the registration requirements of the Mary Rippy Violent Crime Offenders Registration Act (or "the Act"), Okla. Stat. tit. 57, §§ 591-599.1, against Petitioner following her release.  *See* Pet'r's Mot. TRO (Doc. No. 290). Respondent has responded in opposition.  *See* Doc. No. 293.

I.   *Applicable Standard*

As explained by the Tenth Circuit,

> Ordinarily, a movant seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest.  Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001) (citation omitted).  These four requirements also apply to a motion seeking a temporary restraining order (or "TRO").  *See Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002); *United States v. Terry*, No. CIV-19-250-SLP, 2019 WL 7753271, at *1 (W.D. Okla. Mar. 26, 2019).  An application for a TRO "is addressed to the sound judicial discretion of the district court."  *Goodpaster v. Okla. Gas & Elec. Co.*, 291 F.2d 276, 278 (10th Cir. 1961).

*II.     Discussion*

Having carefully considered the arguments of the parties and the relevant record, the Court finds that entry of a TRO is necessary to protect the rights of the parties and the public and that no security is required. *See* Fed. R. Civ. P. 65(c), (d)(1)(A).[1]

First, the Court finds that Petitioner has shown a substantial likelihood of success on the merits of her claim that she should not be subject to the registration requirements of the Act.[2]

As an initial matter, the Court rejects Respondent's arguments that the Court lacks jurisdiction to enjoin or stay enforcement of the Act as to Petitioner. Although the State's retrial deadline is presently stayed, and the grant of habeas relief remains conditional during that stay, the Court remains able to grant temporary or preliminary injunctive relief prior to the ultimate disposition of the case and, further, is authorized to stay state-court proceedings against Respondent during any appeal. *See* Fed. R. Civ. P. 65, 81(a)(4); 28 U.S.C. § 2251 ("A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, . . . pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding."). The temporary relief sought here falls within the scope of relief that the Court may order upon ultimate disposition of the case. That is, upon

---

[1] In light of this ruling, Petitioner's oral motion for clarification is DENIED AS MOOT.

[2] The Act prescribes in relevant part that a person convicted of certain crimes must register as a violent offender with both the Oklahoma Department of Corrections ("ODOC") and a local law enforcement authority. *See* Okla. Stat. tit. 57, §§ 593, 594.

3

issuance of an absolute grant of relief, the Court has "jurisdiction to execute [its] lawful judgment" and has the "authority to nullify" Petitioner's "unconstitutionally obtained state criminal conviction."  *Gentry v. Deuth*, 456 F.3d 687, 692, 696 (6th Cir. 2006).  This includes granting relief "from . . . collateral consequences" of the unlawful conviction.  *Id.* at 693 (emphasis omitted); *see also Capps v. Sullivan*, 13 F.3d 350, 352 (10th Cir. 1993) ("[T]he district court had the power to grant any form of relief necessary.").[3]

Therefore, the Court sees no jurisdictional barrier to its granting temporary relief in the form of enjoining or staying enforcement of a collateral consequence of a constitutionally infirm conviction.  And, as to the merits, the Court's grant of habeas relief, while conditional in nature, constituted a final order that Petitioner's criminal conviction is constitutionally infirm.  Petitioner has shown a substantial likelihood of success on the merits.[4]

---

[3] The Sixth Circuit Court of Appeals has further stated:

> [A] habeas petition challenging the constitutionality of a conviction . . . challenges both the conviction itself and the resulting confinement and other collateral or incidental consequences stemming from the conviction.  If the petition is well taken, then the necessary remedy is relief from both the direct and collateral consequences of the unconstitutional conviction. It follows that . . . nullification of the conviction and expungement of the conviction from one's record are naturally and necessarily implicit in granting the writ.  Indeed, as a general proposition, we know of no authority or plausible rationale indicating that states ever have a substantive justification to keep an unconstitutional conviction on an individual's record . . . .  The only question is whether the state takes care of the ministerial function of expungement of its own accord or whether it insists that the habeas petitioner affirmatively request expungement.

*Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010) (footnote and citation omitted).

[4] The Court also disagrees with Respondent's argument that the Court may not enjoin enforcement of the Act as to Petitioner until and unless Petitioner has separately exhausted that issue via ODOC's grievance process.  *See Gentry*, 456 F.3d at 695-96 ("[The

The Court further finds that there is a credible chance of criminal prosecution of Petitioner and that the potential consequences of that prosecution—including felony conviction and up to five years' imprisonment—constitute an irreparable injury that outweighs any injury to Respondent in temporarily abstaining from enforcement of the Act. *See* Okla. Stat. tit. 57, §§ 595, 599; *cf. Winsness v. Yocom*, 433 F.3d 727, 732 (10th Cir. 2006) ("When he can show that he faces a credible threat of prosecution, a plaintiff can sue for prospective relief against enforcement." (internal quotation marks omitted)).[5]

Finally, enjoining application of the Act as to Petitioner is not adverse to the public interest. Petitioner is being released subject to numerous reporting conditions and under the express supervision of the United States Probation Office for the Western District of Oklahoma. It has not been shown that these conditions are inadequate to protect the public safety.

---

petitioner's] challenge to the collateral consequences of her conviction was implied by her original petition challenging her conviction as unconstitutional, and as she had successfully exhausted her claim before bringing her habeas petition in the first place, she also met all exhaustion requirements with respect to the collateral consequences of that challenged conviction."). Further, the Court notes that Respondent does not point to any provision of the Act that references administrative challenges to ODOC or another agency. ODOC's written policy permits grievances as to "Sex Offender Registration" but does not expressly extend that process to violent offender registration. ODOC Inmate/Grievance Process § II(A)(2) (eff. Jan. 18, 2022), *publicly available at* https://oklahoma.gov/content/dam/ok/en/doc/documents/policy/section-09/op090124.pdf.

[5] Assuming without deciding that Petitioner must show a "great and immediate" threat of irreparable injury, the Court finds that this showing has been made here. Resp't's Resp. at 7-9 (internal quotation marks omitted). At the November 15, 2023 hearing, counsel for Respondent stated that she was unable to give any assurance that Petitioner would not be prosecuted for violating the Act.

For all these reasons, the Court concludes that a TRO "is necessary to preserve the *status quo* between the parties and prevent irreparable harm" pending a determination of whether a preliminary injunction should issue. *Isbell v. City of Okla. City*, No. CIV-11-1423-D, 2011 WL 6016906, at *2 (W.D. Okla. Dec. 2, 2011).

## CONCLUSION

Petitioner's Motion for Temporary Restraining Order (Doc. No. 290) is GRANTED. The Court directs as follows:

IT IS HEREBY ORDERED that the Oklahoma Department of Corrections, the Office of the Oklahoma Attorney General, and Respondent, as well as their officers, employees, agents, attorneys, successors, and all others acting in concert or participating with them, are TEMPORARILY RESTRAINED from enforcing the provisions of the Mary Rippy Violent Crime Offenders Registration Act, Okla. Stat. tit. 57, §§ 591-599.1, as to Petitioner Beverly Michelle Moore and from prosecuting Petitioner for any violation of that Act.

This Temporary Restraining Order is effective upon entry and shall expire on November 29, 2023, at 11:59 p.m., unless extended by the Court for good cause shown or by agreement of the parties.

It is further ordered that the security requirement of Federal Rule of Civil Procedure 65(c) is waived.

IT IS SO ORDERED this 15th day of November, 2023.

_____
CHARLES B. GOODWIN
United States District Judge