# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEVERLY MICHELLE MOORE, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-09-985-G |
| TAMIKA WHITE, Warden, | ) ) |
| Respondent. | ) ) |

## **ORDER**

Now before the Court is Petitioner Beverly Michelle Moore's Motion for Permanent Injunction (Doc. No. 298). Respondent, Warden Tamika White, has responded in opposition (Resp't's Obj., Doc. No. 299), and the matter is now at issue.

*I.   Background*

On September 11, 2023, the Court conditionally granted Petitioner's 28 U.S.C. § 2254 habeas corpus petition, finding the challenged state-court criminal conviction to be constitutionally infirm and directing that, if the State of Oklahoma did not commence proceedings for a new trial within 90 days, Petitioner would be permanently discharged and released from all restraints and custody of the State of Oklahoma on the conviction at issue. Subsequently, upon application of Respondent, the Court ordered that the retrial deadline be stayed pending disposition of Respondent's appeal of the Court's September 11, 2023 Order. The Court directed, however, that Petitioner be released from custody, subject to conditions, on or before December 10, 2023. *See* Order of Oct. 19, 2023 (Doc. No. 281); Order of Nov. 9, 2023 (Doc. No. 286).

On November 15, 2023, the Court held a status conference and hearing. *See* Doc. No. 291. Petitioner was released from State custody later that day. *See* Doc. No. 292.

On that same date, Petitioner filed a request for the Court to issue a temporary restraining order enjoining enforcement of the registration requirements of the Mary Rippy Violent Crime Offenders Registration Act (or "the Mary Rippy Act"), Okla. Stat. tit. 57, §§ 591-599.1, against Petitioner following her release. *See* Pet'r's Mot. TRO (Doc. No. 290).[1] Respondent objected to Petitioner's request. *See* Doc. No. 293.

The Court considered the arguments of the parties and the relevant record and found that entry of a temporary restraining order was necessary to protect the rights of the parties and the public. *See* TRO (Doc. No. 296); Fed. R. Civ. P. 65(d)(1)(A). Specifically, the Court directed:

> IT IS HEREBY ORDERED that the Oklahoma Department of Corrections, the Office of the Oklahoma Attorney General, and Respondent, as well as their officers, employees, agents, attorneys, successors, and all others acting in concert or participating with them, are TEMPORARILY RESTRAINED from enforcing the provisions of the Mary Rippy Violent Crime Offenders Registration Act, Okla. Stat. tit. 57, §§ 591-599.1, as to Petitioner Beverly Michelle Moore and from prosecuting Petitioner for any violation of that Act.
>
> This Temporary Restraining Order is effective upon entry and shall expire on November 29, 2023, at 11:59 p.m., unless extended by the Court for good cause shown or by agreement of the parties.
>
> It is further ordered that the security requirement of Federal Rule of Civil Procedure 65(c) is waived.

---

[1] The Act prescribes in relevant part that a person convicted of certain crimes must register as a violent offender with both the Oklahoma Department of Corrections and a local law enforcement authority. *See* Okla. Stat. tit. 57, §§ 593, 594. A failure to register can be punished by up to five years' incarceration and a $5000 fine. *See id.* § 599.

TRO at 6.

    II.    *Petitioner's Motion for Permanent Injunction*

Petitioner now seeks permanent injunctive relief from the Court, in the form of an order prohibiting enforcement of the Mary Rippy Act[2] as to Petitioner "until such time as the State prevails on appeal," "decide[s] to retry [Petitioner]," or "dismiss[es] the case." Pet'r's Mot. Permanent Inj. at 4.[3]

    A.  *The Court's Authority*

According to Respondent, the Anti-Injunction Act, 28 U.S.C. § 2283, precludes the Court from preventing the enforcement of the state-court registration statute as to Petitioner. *See* Resp't's Obj. at 14-18. The Court again rejects the proposition that the Court's exercise of authority is barred by the Anti-Injunction Act. *See* TRO at 3-4.

The Anti-Injunction Act prescribes that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28

---

[2] The parties disagree as to whether Petitioner, whose criminal conviction was unconstitutionally obtained but still stands in the state-court record, is required to register as a violent offender under the explicit terms of the Act. The Court need not decide this legal question, as all parties assume that the State's position is that Petitioner is required to register and would be subject to prosecution should she fail to do so. As previously found by the Court, however, Petitioner has shown a substantial likelihood of success on her contention that her infirm conviction does not require her to register. *See* TRO at 3.

[3] Petitioner argues that the requested injunction should bind the State of Oklahoma as "the real party in interest." Pet'r's Mot. Permanent Inj. at 4 n.3, 11. The "real party in interest" generally refers to the person or entity bringing the suit, *see* Fed. R. Civ. P. 17(a), and Petitioner cites no authority for the proposition that the Court may properly extend the reach of an injunction on this basis. *See* Fed. R. Civ. P. 65(d) (prescribing the "Scope of Every Injunction").

U.S.C. § 2283.  It is well established, however, that pursuant to 28 U.S.C. § 2251 "any federal judge 'before whom a habeas corpus proceeding is pending'" has the "power to stay a state-court action 'for any matter involved in the habeas corpus proceeding.'" *McFarland v. Scott*, 512 U.S. 849, 857 (1994) (emphasis omitted) (quoting 28 U.S.C. § 2251(a)(1)).  Stated differently, the Court's exercise of authority under § 2251 "is not barred by the Anti-Injunction Act." *Id.* at 858.[4]

Respondent further argues that the application or enforcement of the Mary Rippy Act as to Petitioner is not a "matter involved in the habeas corpus proceeding" and so is not subject to this Court's power to stay under § 2251.  28 U.S.C. § 2251(a)(1); *see* Resp't's Obj. at 15.  The Court disagrees.  The Tenth Circuit has explained that § 2251 permits a federal court to enjoin state-court proceedings "related" to the federal habeas proceeding. *Brown*, 62 F. App'x at 222.  The current challenge over the Mary Rippy Act is indisputably "related" to and "involved in" Petitioner's habeas action, as any applicability of the state statute to Petitioner arises only as a "collateral consequence" of her (constitutionally infirm) state-court criminal conviction.  *Cowan v. Crow*, No. 19-CV-0639, 2019 WL 6528593, at *3 (N.D. Okla. Dec. 4, 2019).

Further, upon issuance of an absolute grant of habeas relief, the Court has "jurisdiction to execute [its] lawful judgment" and has the "authority to nullify"

---

[4] Were Petitioner's Motion to be evaluated as a request for a stay of state-court proceedings under § 2251, the relevant four-part test and discretion afforded to the Court would be the same as described herein, and the Court would reach the same functional result. *See, e.g.*, *Brown v. Mullin*, 62 F. App'x 221, 222-23 (10th Cir. 2003).

Petitioner's "unconstitutionally obtained state criminal conviction." *Gentry v. Deuth*, 456 F.3d 687, 692, 696 (6th Cir. 2006). This includes granting relief "from . . . collateral consequences" of the unlawful conviction. *Id.* at 693 (emphasis omitted). It follows that the Court possesses the authority to enjoin or stay state-court proceedings that would effectively defeat, even in part, the relief granted to Petitioner in this matter. *Cf. Rogers v. Peck*, 199 U.S. 425, 436 (1905) (discussing "the perfect freedom of the Federal courts to inquire into the case and make such orders and render such judgment as they shall see fit"); 28 U.S.C. § 2243 ("The court shall . . . dispose of the matter as law and justice require.").

Respondent therefore does not establish that the Anti-Injunction Act or the present conditional nature of the writ serves to deprive the Court of jurisdiction to decide Petitioner's request for injunctive relief.

### B. Relevant Standard

For Petitioner to obtain a permanent injunction, she must prove:

> (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

*Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009) (internal quotation marks omitted). The Court exercises broad discretion in considering a request for injunctive relief. *See id.*

### C. Actual Success on the Merits

As conceded by Respondent, the Court's September 11, 2023 ruling granted relief to Petitioner on the relevant Sixth Amendment claim and reflects "actual success on the

merits" of her habeas corpus petition. *Id.* (internal quotation marks omitted); *see* Resp't's Obj. at 18; *see also Brown*, 62 F. App'x at 223.

### *D. Irreparable Harm*

Petitioner asserts that there is a high likelihood she will suffer irreparable harm absent the requested relief, contending that being subject to the Mary Rippy Act "could interfere with every aspect of her reintegration into society." Pet'r's Mot. Permanent Inj. at 7. Petitioner also argues that being subject to additional supervision by the State would be time consuming and interfere with her ability to seek employment and receive mental health treatment and that, "given the public nature of the registration requirement, including public access via a website, the harm would not be subject to being cured if the Tenth Circuit upholds this Court's order." *Id.* at 7-9; *see* Okla. Stat. tit. 57, § 599.1. Respondent counters that Petitioner's "vague" allegations as to the registration requirement's interference in her resumption of life outside of custody fail to show that such injury is "likely" or "irreparable." Resp't's Obj. at 19-20, 21-23.

The Court concurs that Petitioner's allegations of injury overstate the onerousness of compliance with the Mary Rippy Act, at least for someone who is a subject of a lawful conviction. But the Court has found that Petitioner's conviction was unconstitutionally obtained. An "irreparable" injury means "a significant risk of harm that [cannot] be compensated after the fact." *Trial Laws. Coll. v. Gerry Spence Trial Laws. Coll. at Thunderhead Ranch*, 23 F.4th 1262, 1270-71 (10th Cir. 2022) (internal quotation marks omitted). "Cases have . . . noted that irreparable harm is often suffered when the injury cannot be adequately atoned for in money or when the district court cannot remedy the

injury following a final determination on the merits." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (alterations, citation, and internal quotation marks omitted). The deprivation of liberty that would occur upon enforcement of the Act against Petitioner is a serious harm that may not be compensated for after the fact.

Once registered as a "Violent Crime Offender[]," Petitioner will be included in a database to which "[a]ll persons, businesses and organizations in this state shall have access" "for purposes of verifying a person's suitability for employment, volunteering, and for screening persons at risk of potential harm to children who may work with or provide services to children." Okla. Stat. tit. 57, § 599.1(A).[5] Public officials and agencies are granted immunity from civil liability under the Mary Rippy Act, and law enforcement officers may "notify[] members of the public of any persons that pose a danger under circumstances that are not enumerated in" the Act. *Id.* § 596. Although Respondent states that "[c]ertainly, [Petitioner's] name can be removed from the registry" if Respondent is unsuccessful on the habeas appeal, Respondent's cited authority does not support this proposition. Resp't's Obj. at 22 (citing Okla. Stat. tit. 57, § 594(C)(1) (prescribing that a registrant must be registered for ten years from the date of the completion of sentence)).

---

[5] The information produced by a registry search is extensive: "The information provided in a name search shall include the searched person's full name, any alias names, the crime which requires registration, and whether the person is deemed a habitual or aggravated offender. In addition, information may be provided in the name search concerning the date and place of the offense, the sentence disposition, a photograph of the registered person, and other pertinent information including the current residence location." Okla. Stat. tit. 57, § 599.1(B). The statute specifically exempts from liability "any governmental agency" who releases or publishes the information maintained on the registry. *Id.*

And Respondent's lengthy list of the detailed obligations imposed upon registrants under the Mary Rippy Act belies her contention that the statutory requirements are *de minimis*. *See id.* at 20-21; Okla. Stat. tit. 57, §§ 594, 595, 597, 598.

Impairment of Petitioner's ability to "renew bonds with her family," "seek gainful employment," and "attend school" is an injury that is not readily amenable to being "atoned for in money." Pet'r's Mot. Permanent Inj. at 7; *Prairie Band of Potawatomi Indians*, 253 F.3d at 1250 (internal quotation marks omitted); *cf. Graham v. Henry*, No. 06-CV-381, 2006 WL 2645130, at *9 (N.D. Okla. Sept. 14, 2006) (holding that plaintiff made a sufficient showing of irreparable injury because he alleged that he was homeless as a result of a residency restriction in the state sex offender registration act). The Court finds that Petitioner has adequately shown that she will be subject to irreparable harm absent issuance of the requested injunction.

III.    *The Balance of Hardships and the Effect of an Injunction on the Public*

As the "harm that the injunction may cause the opposing party," Respondent cites harm to "the interests of the State in regulating its citizens." *Sw. Stainless*, 582 F.3d at 1191 (internal quotation marks omitted); Resp't's Obj. at 26. Again, however, Congress has expressly recognized the federal habeas courts' ability to "stay *any proceeding* against the person detained" "for *any matter* involved in the habeas corpus proceeding." 28 U.S.C. § 2251(a)(1) (emphasis added). Such authority undermines Respondent's suggestion that this Court's grant of injunctive relief touching upon a collateral consequence of Petitioner's conviction would constitute improper interference in state-court proceedings. *Cf.*

*McFarland*, 512 U.S. at 858 ("Section 2251 . . . dedicates the exercise of stay jurisdiction to the sound discretion of a federal court.").

Relatedly, enjoining application of the Mary Rippy Act as to Petitioner is not adverse to the public interest. Again, the Court has determined that Petitioner's conviction is unconstitutional. What is more, Petitioner is being released subject to reporting requirements and under the supervision of the United States Probation Office for the Western District of Oklahoma. It has not been shown that these conditions are inadequate to protect the public safety.

## CONCLUSION

As outlined above, Petitioner's Motion for Permanent Injunction (Doc. No. 298) is GRANTED as follows:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Oklahoma Department of Corrections, the Office of the Oklahoma Attorney General, and Respondent, as well as their officers, employees, agents, attorneys, successors, and all others acting in concert or participating with them, are permanently enjoined from enforcing the provisions of the Mary Rippy Violent Crime Offenders Registration Act, Okla. Stat. tit. 57, §§ 591-599.1, as to Petitioner Beverly Michelle Moore and from prosecuting Petitioner for any violation of that Act.

The Temporary Restraining Order previously entered (Doc. No. 290) shall expire as outlined therein. The terms of this injunction shall remain in place absent further order of the Court.

IT IS SO ORDERED this 29th day of November, 2023.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge